658 So.2d 218 (1995)
Louis B. BIGNER, Jr., Plaintiff-Appellee,
v.
LSU MEDICAL CENTER, Defendant-Appellant.
No. 27084-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*219 Cook, Yancey, King & Galloway by Eskridge E. Smith Jr., Shreveport, for appellant.
John B. Morneau & Associates by John B. Morneau, Vivian, for appellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
*220 BROWN, Judge.
This is a workers' compensation case. Defendant, LSU Medical Center, appeals from the hearing officer's judgment awarding supplemental earnings benefits and vocational rehabilitation. We affirm in part, reverse in part and remand to the hearing officer.

FACTS
Plaintiff, Louis B. Bigner, Jr., injured his back on November 29, 1990, during the course and scope of his employment as an electrician with defendant, LSU Medical Center.
Bigner was treated by Dr. Carl Goodman, who performed back surgery on January 11, 1991. Dr. Goodman released Bigner from further treatment on July 22, 1991, at which time Bigner was assigned a 20% permanent partial disability rating. Because of this disability, Bigner could no longer do the heavy work required by his job. LSUMC engaged the services of Chris Tison, a vocational rehabilitation specialist. Dr. Goodman, at Ms. Tison's request, reviewed and approved several general work descriptions as within Bigner's physical capacities. Ms. Tison then sent letters to Bigner informing him that there were job positions available within his limitations. Ms. Tison's correspondence, however, did not identify any specific jobs. Temporary total disability benefits (TTDs) were paid to plaintiff from the time of his accident through January 29, 1992.
Bigner, who was unable to secure other employment, began attending college at LSUS on a full-time basis in the summer of 1993. As part of a student program, Bigner began working part-time at LSUS.
Bigner filed a workers' compensation claim. Trial was held on November 3, 1993. The hearing officer rendered judgment on May 4, 1994, awarding Bigner supplemental earnings benefits (SEBs) based upon zero earnings from the time that his TTD benefits were terminated. SEBs based upon Bigner's actual earnings were awarded from the time that he began the student work-study program. The hearing officer, finding the vocational rehabilitation expert's efforts to be "woefully inadequate", awarded Bigner 26 weeks of "meaningful" vocational rehabilitation. LSUMC was also ordered to pay all of Bigner's medical expenses subject to a credit for those medical expenses previously paid. It is from this judgment that LSUMC has appealed.

DISCUSSION

Supplemental Earnings Benefits
A claimant seeking SEBs must prove by a preponderance of the evidence that his work-related injury renders him unable to earn 90 percent of his pre-injury wages. LSA-R.S. 23:1221(3); Smith v. Louisiana Dept. of Corrections, 93-1305 (La. 02/28/94), 633 So.2d 129; Paul v. Gipson, 614 So.2d 1275 (La.App.2d Cir.1993); Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App.2d Cir.1991). The burden then shifts to the employer to show that the claimant is physically capable of work which was offered or proven available to the claimant within his or the employer's community or reasonable geographic region. LSA-R.S. 23:1221(3)(c)(i); Smith, supra. If the employer meets this burden, then the employee must establish by clear and convincing evidence that he is unable to perform any employment offered or proven available because of substantial pain. LSA-R.S. 23:1221(3)(c)(ii).
The hearing officer's findings are subject to the manifest error standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 01/14/94), 630 So.2d 706; Key v. Insurance Co. of North America, 605 So.2d 675 (La.App.2d Cir.1992). Whether an employee has established a prima facie case of entitlement to SEBs and whether an employer has shown that the employee is physically capable of work offered or proven available in the reasonable geographic area are questions of fact which may not be set aside absent clear or manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
We find no error in the hearing officer's conclusion that Bigner established that his work-related injury rendered him unable to earn wages equal to 90 percent or more of what he was earning at the time of his injury. This finding is supported by the testimony of *221 Bigner and the physicians who treated and examined him.
We further find no error in the hearing officer's conclusion that LSUMC failed to prove that jobs were available within Bigner's medical restrictions. Bigner testified that he applied for several jobs, but because of his back surgery and resulting permanent disability, he was unable to secure employment. Bigner also testified that Chris Tison, defendant's vocational rehabilitation expert, made no real attempt to help him return to work.
The record reveals that Ms. Tison secured the approval of Bigner's treating physician for several general job descriptions. These approved job descriptions were sent by registered mail to Bigner. Ms. Tison, however, did not provide Bigner with any names of prospective employers, nor did she set up any interviews. In fact, her testimony does not indicate the availability of any specific job position. The hearing officer concluded that Ms. Tison's efforts to find employment for Bigner were "woefully inadequate." While this categorization may be a bit extreme, we find no clear error in the hearing officer's factual determinations.
The hearing officer awarded SEBs based on zero earnings from July 22, 1991, the time that Bigner's temporary total disability benefits were discontinued. Thereafter, SEBs based upon Bigner's actual earnings were awarded from the time he began working part-time as a student at LSUS. We find no error in the hearing officer's calculation of the SEBs due Bigner.

Rehabilitation Services
Rehabilitation for injured employees is set forth in LSA-R.S. 23:1226, which provides in part:
A. When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services.
B. (1) The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, as soon as possible after an injury occurs. The first appropriate option among the following must be chosen:
(a) Return to the same position.
(b) Return to a modified position.
(c) Return to a related occupation suited to the claimant's education and marketable skills.
(d) On-the-job training.
(e) Short-term retraining program (less than 26 weeks).
(f) Long-term retraining program (more than 26 weeks but not more than one year).
(g) Self-employment.
As noted by the supreme court in Freeman v. Poulan/Weed Eater, 93-1530 (La. 01/14/94), 630 So.2d 733, LSA-R.S. 23:1226 was amended by Acts 1989, No. 454, § 6, effective January 1, 1990. The focus of § 1226 after its amendment is job placement "with a minimum of retraining, as soon as possible after an injury." See Freeman, 630 So.2d at 740-741.
The hearing officer, finding that Ms. Tison's rehabilitative efforts did not meet the requirements of LSA-R.S. 23:1226, awarded Bigner 26 weeks of "meaningful vocational rehabilitation."
We agree that defendant's vocational rehabilitation expert did not satisfy the requirements of § 1226. Bigner could not return to work or be placed in a modified position or related occupation. By the time this matter went to trial, Bigner, frustrated by his inability to secure employment on his own, had enrolled as a full-time student at LSUS. Obviously, Bigner is committed to the pursuit of a college education and any on-the-job training or vocational retraining would likely be unacceptable and would probably be counterproductive. While an employee's own efforts to rehabilitate himself do not entirely relieve an employer of its obligation under LSA-R.S. 23:1226, Freeman, supra at 740, we do not know whether rehabilitation is warranted given the particular facts of this case.
We thus set aside the award of rehabilitation and remand to the hearing officer for a determination of whether, under Bigner's current physical and vocational status, retraining *222 directed toward job placement is appropriate. As in Freeman, under the unique facts of this case, the pursuit of a college education may qualify as the most appropriate option to return this disabled worker to work. If so, then LSA-R.S. 23:1226(B)(1)(f), long-term retraining of not more than one year, should be considered.[1]

CONCLUSION
The judgment of the hearing officer awarding supplemental earnings benefits is AFFIRMED. The hearing officer's award of rehabilitation services is REVERSED and the matter is REMANDED for a determination of whether rehabilitation aimed at returning plaintiff to work would be appropriate, and if so, for the determination and establishment of a specific rehabilitation program.
Costs are assessed to defendant, LSUMC.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
Based on the record before us, I concur in the result but also advance the following observation.
Unquestionably, the rehabilitation provisions have changed from those controlling in Freeman, supra. Recognizing the restructured emphasis within the present version of LSA-R.S. 23:1226, it is unlikely that plaintiff can demonstrate that a year or less of college education qualifies as appropriate rehabilitation, when compared to some other form of more favored training or job placement.
NOTES
[1] We note Bigner's testimony that he has received financial aid in the form of a federal grant. LSA-R.S. 23:1226(A) specifically entitles an employer to utilize programs provided by state and federal agencies for vocational education. Under these circumstances, the actual cost to the employer for college may be less than usual vocation retraining programs.