STEWART, Judge.
| xBobby Ward filed a disputed claim for compensation and an amended disputed claim seeking recovery of supplemental earnings benefits, vocational rehabilitation services, and penalties and attorney fees. Mr. Ward appeals the ruling of the workers’ compensation hearing officer denying his claim. For the reasons assigned, we affirm.
FACTS
Mr. Ward, an aircraft mechanic, was employed by Bonne Idee in a multitask position. Bonne Idee is in the business of crop dusting and planting operations. Mr. Ward’s work was not limited to maintaining aircraft nor were his working hours limited to forty per week, usually during the period beginning in late March through November when the company generated more business due to planting and harvesting seasons. Generally, Mr. Ward helped loading the planes and worked sixty to seventy hours weekly during that period of time.
On April 22, 1994, Mr. Ward fell eight to ten feet off a loading truck on which he was standing when a fellow employee moved the vehicle. Mr. Ward suffered an injury to his left foot which totally disabled him for approximately two weeks. Initially, he sought medical treatment from Dr. Allen Spires, a general practitioner, who diagnosed the minor injury and treated him twice during the two weeks Mr. Ward did not work. Bonne Idee paid all medical expenses incurred by Mr. Ward due to the accident and continued to pay Mr. Ward his regular wages during that two week period.
After two weeks, Dr. Spires released Mr. Ward to return to work on a full duty basis with no specific limitations. However, Mr. Ward was unable to perform the full range of his duties which included standing on step ladders, standing on his feet, and assisting with the loading of the crop dusting planes. |2Four to six months after Mr. Ward’s injury, his job was modified to keep him in the hangar and limited to forty hours per week.
Mr. Ward again sought medical treatment from Dr. Spires on April 19, 1995. Dr. Spires re-examined the foot but found no significant change. He then referred Mr. Ward to Dr. Peter Spohn who saw Mr. Ward only one time on May 3,1995, and diagnosed traumatic arthritis resulting from a fracture which occurred some time in the past. Dr. Spohn did not restrict Mr. Ward from per *631 forming any activity but suggested that Mr. Ward wear a sturdy boot for climbing ladders.
After the death of Bill Norsworthy, the former owner of Bonne Idee, Mr. Ward was laid off. Mr. Ward’s final pay period with Bonne Idee ended June 2, 1995. Although Mr. Ward has sought other employment, he has not been successful.
On April 21, 1995, Mr. Ward filed a claim for benefits with the Office of Workers’ Compensation. Mr. Ward filed an amended claim on July 5,1995, seeking supplement earnings benefits, rehabilitation services, and penalties and attorney fees. Prior to trial, the parties stipulated that Mr. Ward was an employee of Bonne Idee, that the accident causing his injury occurred within the course and scope of his employment, and that Mr. Ward’s hourly wage was $7.50. Further, Bonne Idee admitted that they would be responsible for medical expenses incurred by Mr. Ward should his condition require surgery.
The hearing officer ruled that the medical evidence did not support a claim for supplemental earnings benefits and denied Mr. Ward’s claims for vocational rehabilitation services and penalties and attorney fees.
DISCUSSION
Assignment of Error # 1; The hearing officer erred in determining that Mr. Ward had failed to establish the threshold requirements for supplemental earnings benefits.
| ¾La.R.S. 28:1221(8) (a) provides that an employee is entitled to supplement earnings benefits for an injury which results in the employee’s inability to earn wages equal to ninety percent or more of the wages which he earned at the time of injury. An employee seeking supplemental earnings benefits bears the burden of proving by a preponderance of the evidence that his work-related injury has rendered him unable to earn ninety percent of his pre-injury wages. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Bigner v. LSU Medical Center, 27,084 (La.App.2d Cir. 6/21/95), 658 So.2d 218.
An appellate court may not set side a hearing officer’s finding of fact absent manifest error or unless the fact finder is clearly wrong. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Bigner v. LSU Medical Center, supra; Key v. Insurance Company of North America, 605 So.2d 675 (La.App. 2d Cir.1992).
Mr. Ward testified that he continued to assist with loading the planes after his injury and that Mr. Norsworthy did not remove him from loading duties until six months following his injury. The payroll records established that Mr. Ward actually worked more hours in the four months after the accident than in the four months preceding the accident. Although the testimony and evidence adduced at trial indicate that, approximately six months after the accident, Mr. Ward began working only forty hours per week with no overtime, the reduction in hours was due to an audit which affected all employees’ hours not just those of Mr. Ward. Further, Mr. Ward’s hours decreased at the end of the busy season which was normal operating procedure for Bonne Idee. The record clearly established that the seasonal nature of the business and the death of Mr. Norsworthy caused the reduction in Mr. Ward’s hours not his injury.
| .^Considering the record, we do not find that Mr. Ward established by a preponderance of the evidence that his injury prevented him from earning wages equal to at least ninety percent of his pre-injury income, nor do we find that the hearing officer was clearly wrong in denying Mr. Ward’s claim for supplemental earnings benefits. Therefore, this assignment is without merit.
Assignment of Error #2: The hearing officer erred in determining that Mr. Ward had failed to establish a loss of earning capacity which would entitle him to rehabilitation services.
La.R.S. 23:1226(A) provides that an employee is entitled to rehabilitation services when the employee has suffered an injury which precludes him from earning wages equal to his pre-injury wages.
As previously noted, Mr. Ward testified that he continued to perform the full extent *632 of his duties including assisting with loading the planes until at least six months after his injury, when overtime hours of all employees were reduced, and continued to work for Bonne Idee in his capacity as aircraft mechanic for approximately one year following the injury. Further, both doctors testified that Mr. Ward was capable of performing all tasks associated with his employment.
For those reasons, we do not find that the hearing officer erred in denying Mr. Ward vocational rehabilitation services. Therefore, this assignment is without merit.
Assignment of Error #3: The hearing officer erred in failing to find that Bonne Idee Aero Service was not arbitrary and capricious in handling Mr. Ward’s claim and in finding that a failure to investigate was not relevant.
Because of our findings regarding Mr. Ward’s first and second assignments of error, this assignment is also without merit.
_[bDECREE
For the foregoing reasons, we affirm the ruling of the hearing officer. Costs are assessed to appellant.
AFFIRMED.