I,GREMILLION, Judge.
The defendant, the Allen Parish School Board, appeals the judgment of the workers’ compensation judge awarding the plaintiff, Artchia Thomas Young, temporary total disability (TTD) benefits, the repayment of salary deductions, and the return of sick leave benefits. The workers’ compensation judge also ordered the School Board and its third-party adjustor, Mor-Tem Risk Management, to pay penalties and attorney’s fees. Young answered the appeal seeking attorney’s fees and penalties for the School Board and Mor Tern’s arbitrary and capricious denial of her request for surgery and additional attorney’s fees for work performed on appeal. For the following reasons, we affirm as amended.
FACTS
Young, a librarian and teacher at Oak-dale Junior High School, injured her neck on May 21, 1996, approximately five days prior to the end of the 1996-1996 school term. When she attempted to sit down in the first row of the school’s auditorium, her seat, along with the entire row of seats, fell backwards causing her to hit her head. She was diagnosed as suffering from spondylosis at the C4-5 disc level by Dr. Lawrence Drerup, a neurosurgeon, who recommended an anterior cervical dis-cectomy and fusion at C4-5. The School Board denied the request for surgery based on the recommendation of its examining neurosurgeon, Dr. Patrick Juneau.
During the summer of 1996, Young continued receiving her salary earned from the 1995-1996 school term. She had ten days of accrued sick leave at the time of her accident and, prior to beginning of the next school term, she requested and | ¡>was granted an additional fifteen days of sick leave by the superintendent. After the school term began, Young worked half a day on August 20, 1996. Thus, by law, she was granted another ten days of sick leave, bringing her total days of sick leave to thirty-five.
Young returned to her librarian/teaching position on November 18, 1996. Between December 20, 1996 and August 29, 1997, the School Board commenced paying her Gayle pay, which is the salary paid to a teacher on extended sick leave less the amount paid to a substitute teacher. Gayle v. Porter, 239 So.2d 739 (La.App. 4 Cir.), writ denied, 257 La. 171, 241 So.2d 531 (1970). A total of $3,016.69 was deducted from her salary.[1] On July 7, 1997, Andy Storer, the adjustor handling Young’s claim, sent her a check for $850.62. This represented the TTD benefits owed to Young once her salary was reduced by the deductions taken by the School Board for substitute teachers. The amount owed consisted of $339.99 for January, $195.05 for February, and $315.58 for March.
On May 20, 1997, Young filed a disputed claim for compensation against the School Board alleging its failure to pay indemnity benefits and pay or provide necessary medical benefits. She further alleged that the School Board had acted arbitrarily and capriciously entitling her to penalties and attorney’s fees.
The parties entered into several stipulations: Young was injured as a result of a work-related injury on May 21, 1996; she continued receiving her full salary from that date until December 20, 1996; her monthly salary at the date of the | ¡¡accident was $1,932.42; her monthly salary at the beginning of the next school term was $2,041.25; the School Board deducted *1276 $3,016.59 from Young’s paychecks to cover the expense of substitute teachers; the School Board was self-insured; Mor-Tem paid Young $850.62 on July 9, 1997; and the School Board would pay medical mileage to Young.
Young testified at a hearing on the merits and then the matter recessed to allow for the taking of a deposition. Thereafter, the parties submitted the matter for determination based on the evidence introduced into the record. A judgment was issued by the workers’ compensation judge finding that Young was_ entitled to TTD benefits of $297.30 per week from June 27 through November 14, 1996, as a result of suffering a work-related injury. The School Board was ordered to return all of Young’s sick leave to her and she was given the option of charging one-third of a sick day against each day’s absence in order to receive her full pay. The workers’ compensation judge further ordered the School Board to return, with interest, all amounts deducted from Young’s salary to pay substitute teachers. Finally, the workers’ compensation judge found the actions of the School Board and Mor-Tem arbitrary and capricious and ordered them to pay a $2,000 penalty and $5,000 in attorney’s fees. The workers’ compensation judge denied Young’s request for surgery because her medical reports and diagnostic tests were more than two years old. Both the School Board and Young appeal this judgment.
ISSUES
The School Board raises six assignments of error on appeal:
1) The workers’ compensation judge erred in denying its exception of lack of subject matter jurisdiction.
|42) The workers’ compensation judge erred in ordering repayment of Young’s salary deductions without allowing it a credit for sums returned to her.
3)The workers’ compensation judge erred in ordering payment of TTD benefits for a period in which Young received her full salary or paid sick leave benefits.
4) The workers’ compensation judge erred in ordering the return of sick leave to Young when she had not elected to coordinate worker’s compensation benefits and teacher’s sick leave benefits prior to filing her claim.
5) The workers’ compensation judge erred in ordering the return of sick leave to Young without giving it credit for the monetary value of fifteen days of extended sick leave granted to her.
6) The workers’ compensation judge erred in awarding penalties and attorney’s fees in a claim which does not involve the nonpayment or reduction of workers’ compensation benefits.
Young answered the School Board’s appeal by requesting increased attorney’s fees, the amendment of the workers’ compensation judge’s judgment to award mileage and penalties, and attorney’s fees for the School Board’s failure to reimburse her the same, and the award of additional attorney’s fees on appeal. She raises one assignment of error arguing that the workers’ compensation judge erred in failing to find the School Board arbitrary and capricious in denying her request for surgery.
SUBJECT MATTER JURISDICTION
In its first assignment of error, the School Board argues that the workers’ compensation judge erred in denying its declinatory exception of lack of subject matter jurisdiction. It claims that the workers’ compensation judge lacked jurisdiction to resolve Young’s claim seeking the recovery of amounts deducted from | sher salary to pay substitute teachers hired after she extinguished her sick leave. We disagree.
La.R.S. 23:1310.3(E) provides:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers’ *1277 compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers for indemnification or contribution.
In support of its argument, the School Board cites several cases, including Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3 Cir. 3/1/95); 651 So.2d 943. However, we find that case distinguishable from the situation at hand. In Cajun Bag, the employee aggravated an existing injury while engaging in horseplay at work. Prior to learning that the injury resulted from horseplay, the employer paid compensation benefits to the employee. Once it learned of the circumstances, it terminated the compensation benefits and filed a claim seeking reimbursement of the benefits paid. The employee reconvened seeking reinstatement of benefits. The workers’ compensation judge awarded the employee compensation benefits and held that the employer had properly paid those benefits and was not entitled to reimbursement. On appeal, we held that the employee, as a matter of law, was not entitled to compensation benefits and that the workers’ compensation judge lacked subject matter jurisdiction to consider the employer’s claim for reimbursement:
The Louisiana Legislature has vested worker’s compensation hearing officers with “exclusive jurisdiction over all claims or disputes arising out” of the Worker’s Compensation Chapter. LSA-R.S. 23:1310.3(E) |fi(emphasis added). LSA-R.S. 23:1310.3 provides that hearing officers have the authority to adjudicate claims for benefits and the controversion of entitlement to benefits; therefore, these matters are clearly “worker’s compensation matters” which arise under the act. However, the worker’s compensation act has no provision creating an action or providing relief to employers seeking reimbursement for compensation benefits paid to employees who were not entitled to receive them. We believe LSA-R.S. 23:1310.3 requires that a claim actually “arise out” of the Worker’s Compensation Act, rather than merely relate to worker’s compensation in general, for hearing officers to enjoy original jurisdiction over it.
Id. at 948.
In this instance, Young’s claim arises out of the Workers’ Compensation Act, since the parties stipulated, and the workers’ compensation judge held, that she suffered a work-related injury. Since she is entitled to workers’ compensation benefits, her claim for reimbursement, unlike that of the employer in Cajun Bag, is clearly a workers’ compensation matter over which the workers’ compensation judge has jurisdiction. We find no merit in the School Board’s argument and dismiss this assignment of error.
CREDIT
In its second assignment of error, the School Board argues that the workers’ compensation judge erred in ordering the repayment of amounts deducted from Young’s salary without allowing it a credit for sums returned to her.
The $850.62 paid to Young by Mor-Tem represented TTD benefits the School Board owed her as a result of her lower salary following deductions taken for hiring substitute teachers. The School Board is not entitled to a credit against the salary reductions it was ordered to repay Young. However, it is entitled to a credit in the amount of $850.62 against its TTD obligation. Therefore, the judgment of the workers’ compensation judge is amended to allow for this credit.
| ./TEMPORARY TOTAL DISABILITY BENEFITS
In its third assignment of error, the School Board argues that the workers’ *1278 compensation judge erred in ordering the payment of TTD benefits from June 27, 1996 through November 14, 1996. Since Young was receiving her full salary or paid sick leave benefits during this time, it argues that it should not be required to also pay her TTD benefits.
We find no error in the workers’ compensation judge’s judgment as it pertains to the period commencing on June 27,1996 and ending on August 31, 1996. Wilfred Bourne, Jr., the School Board’s financial director, testified that teachers are employed on a nine-month basis, although their salaries are divided and paid out over twelve months. He stated that this is the School Board’s policy and that the teachers have no choice in the manner in which they receive their salaries. Bourne testified that the School Board’s fiscal year begins in September and ends in August. Accordingly, the salary received by Young during June through August was earned by her during the nine-month school term. Thus, there is no merit in the School Board’s argument that Young was not entitled to workers’ compensation benefits because she was receiving her full salary during those months.
We also find no error in the workers’ compensation judge’s award of TTD benefits to Young for the period commencing on September 1, 1996 and ending on November 14, 1996. La.R.S. 17:1201(D) provides:
(1) Any member of the teaching staff in the public schools who is injured or disabled while acting in his official capacity shall be entitled to weekly wage benefits under the worker’s compensation law of the state of Louisiana and/or to sick leave benefits under Subpart B of Part X of this Chapter, at his option, but in no event shall such benefits exceed the total amount of the regular salary the member of the teaching |sstaff was receiving at the time the injury or disability occurred.
(2) In any case in which a member of the teaching staff supplements worker’s compensation with accumulated or extended sick leave, the amount of sick leave used shall be calculated on an hourly basis.
In Hollingsworth v. East Baton Rouge School Board, 94-0518 (La.App. 1 Cir. 12/15/95); 666 So.2d 376, writ denied, 96-0165 (La.3/15/96); 669 So.2d 422, the appellate court amended the judgment in favor of an injured teacher by awarding the full amount of TTD benefits without a reduction for sabbatical leave pay allowed by the workers’ compensation judge. In doing so, our colleagues stated:
The hearing officer acknowledges plaintiff was entitled to temporary total disability benefits, but awarded only the difference between sabbatical pay and those benefits. Requiring her to use sabbatical leave for recuperation from a work-related injury violates Revised Statutes 23:1206 and 23:1163. This result is insufficient compensation to the worker, as well as a disincentive to the employer to comply with the law. See Chevalier v. L.H. Bossier, 94-1537 (La.App. 3d Cir.7/12/95), 663 So.2d 70. It is fundamentally inequitable and contrary to the law and policy of the workers’ compensation scheme.
Id. at 382. La.R.S. 23:1206 provides, “Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.” La.R.S. 23:1163(A) provides:
It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee’s wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium, in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any em *1279 ployee or to reimburse such employer in whole or in part -for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such [ insurance for the employer’s own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.
This statute was held to prohibit “all employers, whether insured or self-insured, from receiving any indirect payment by an employee toward the cost of worker’s compensation benefits.” Bryant v. New Orleans Public Serv., Inc., 414 So.2d 322, 823 (La.1982). The court in Hollingsworth, 666 So.2d 376, n. 12, further stated that it would be both prohibited by La.R.S. 23:1163 and contrary to the policy of the Workers’ Compensation Act to allow deductions from an injured teacher’s benefits to cover the cost of hiring substitutes. Accordingly, we find that Young was entitled to TTD benefits between September 1,1996 and November 14,1996.
COORDINATION OF BENEFITS AND SICK LEAVE
In its fourth assignment of error, the School Board argues that the workers’ compensation judge erred in ordering the return of sick leave to Young when she failed to elect the coordination of compensation benefits and sick leave prior to filing her disputed claim for compensation.
In his reasons for judgment, the workers’ compensation judge addressed this argument:
The Board now says that Thomas-Young did not ask to coordinate benefits. The Court finds this a curious position for Employer to take. The Court finds no evidence that the Board’s Administrator knew that an injured teacher should get workers’ compensation benefits or that he knew what coordination of benefits was, let alone how to apply it. There is no evidence that Taylor-Young knew what coordination of benefits was or how to apply it. Why does this Board hold Claimant to a higher standard of knowledge than it does their own Administrator?
We agree with the findings of the workers’ compensation judge. Bourne testified that he only learned that an injured teacher could coordinate workers’ | ^compensation benefits with sick leave two to three weeks prior to his deposition. He stated that he was now aware of the fact that Young could have coordinated the two by receiving two-thirds of her daily salary in workers’ compensation benefits and the remaining one-third from sick leave benefits. Bourne admitted that he had no training with regards to workers’ compensation laws; he relied on Mor-Tem and other school boards for advice concerning such matters. He stated that Young was the first teacher receiving workers’ compensation benefits in the four and one-half years he worked for the School Board.
La.R.S. 17:1201(D) provides no mechanism for the coordination of workers’ compensation benefits and sick leave benefits. There is no evidence that Young knew she was required to coordinate these benefits prior to filing her claim for compensation. We agree with the workers’ compensation judge that Young should not be held to a higher standard of knowledge than Bourne. A workers’ compensation judge’s finding of fact are subject to the manifest error standard. Clifton v. Ditto’s Apparel, 98-1180 (La.App. 3 Cir. 2/3/99); 736 So.2d 882, writ denied, 99-0651 (La.4/23/99); 742 So.2d 891. Since the workers’ compensation judge’s finding is reasonable, we find no manifest error. The School Board’s assignment of error is dismissed.
GRANT OF EXTENDED SICK LEAVE
In its fifth assignment of error, the School Board argues that the workers’ compensation judge erred in ordering the return of sick leave to Young without allowing it a credit for the monetary value of *1280 the fifteen days of extended sick leave granted to her by the superintendent.
|nWe find no merit in this argument. We have already held that Young was entitled to TTD benefits as a result of her work-related accident. To give the School Board a credit for the additional fifteen days of sick leave granted to Young would, in effect, allow it a credit for compensation benefits it owed her, in violation of La.R.S. 23:1206. Hollingsworth, 666 So.2d 376. This assignment of error is dismissed.
PENALTIES AND ATTORNEY’S FEES
In its final assignment of error, the School Board argues that the workers’ compensation judge erred in awarding penalties and attorney’s fees since this matter did not involve the nonpayment or reduction of workers’ compensation benefits. Since Young was entitled to TTD benefits and those benefits were never paid by the School Board, we find that this matter does involve the nonpayment of benefits. La.R.S. 23:1201. The decision to cast an employer or insurer with penalties and attorney’s fees is a finding of fact, which will not be reversed in the absence of manifest error. Wiley v. Grand Casino Avoyelles, 98-1468 (La.App. 3 Cir. 4/21/99); 731 So.2d 518, writ denied, 99-2023 (La.11/5/99); 750 So.2d 180. After reviewing the record, we find no error in the award of penalties and attorney’s fees. Accordingly, this assignment of error is dismissed as being without merit.
ANSWER TO APPEAL
Young answered the School Board’s appeal seeking additional attorney’s fees, the amendment of the judgment to include an award for mileage, penalties and attorney’s fees for the School Board’s failure to provide the same, and additional attorney’s fees on appeal.
| Jn awarding Young $5,000 in attorney’s fees, the workers’ compensation judge held that this matter involved novel and unique issues. We agree that novel and unusual issues were presented for resolution. The record reveals that counsel for Young filed a disputed claim for compensation, prepared a pre-trial statement, attended three depositions, and the hearing. While the fees may be low, we cannot say the workers’ compensation judge abused his discretion in setting the fee at $5,000. However, we award an additional $2,500 for work done on appeal.
We further find that the judgment should be amended to include an award for the reimbursement of mileage. The parties stipulated that the School Board would pay medical mileage to Young. However, Storer testified that he was unaware of Young submitting a request for the reimbursement of mileage and Young did not indicate that such a request had been submitted. During the stipulations, Young’s counsel stated, “Just for the record, Your Honor, I believe I wanted to mention earlier, we had agreed that once we supplied the Allen Parish School Board with the mileage that Ms. Young has accumulated that they would pay that, so we don’t have to make it an issue.” Since Young never requested reimbursement for mileage, the workers’ compensation judge did not err in failing to award her penalties and attorney’s fees for the School Board’s failure to reimburse her. The judgment of the workers’ compensation judge is amended to award Young reimbursement for mileage.
YOUNG’S ASSIGNMENT OF ERROR
On appeal, Young argues that the workers’ compensation judge erred in failing to find that the School Board was arbitrary and capricious in denying her request for surgery. We disagree.
|13The workers’ compensation judge correctly stated that the only instance in which the School Board reasonably controverted Young’s claim was with regard to her request for surgery. The School Board had Young examined by Dr. Juneau, who opined that she was not a candidate for surgical intervention. The decision of the workers’ compensation judge finding that the School Board’s actions *1281 were not arbitrary and capricious will not be reversed in the absence of manifest error. Finding no error, we affirm. This assignment of error is dismissed as being without merit.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is amended to allow the Allen Parish School Board a credit of $850.62 against its compensation obligation owed to Artchia Thomas Young. The judgment is further amended to award Young the reimbursement of mileage and to award her a further $2,500 in attorney’s fees for work performed on appeal. The judgment of the workers’ compensation judge is affirmed in all other respects. The costs of this matter are assessed to the defendant-appellant/appellee, Allen Parish School Board.
AFFIRMED AS AMENDED.

. On December 20, 1996, the School Board deducted $317.41 from her paycheck. Between January 31, 1997 through August 29, 1997, the School Board deducted $337.41 from each month's paycheck.