885 So.2d 1185 (2004)
Jesse Earl WALKER, Jr.
v.
HIGH TECH REFRACTORY SERVICES, INC. and Liberty Mutual Insurance Company.
No. 2003 CA 1621.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
*1187 Joe Arthur Sims, Hammond, for Plaintiff-Appellant Jesse Earl Walker, Jr.
Constance C. Hobson, Borrello & Dubuclet, Metairie, for Defendants-Appellees High Tech Refractory Services, Inc. and Liberty Mutual Insurance Company.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
PARRO, J.
An employee appeals from a judgment of the Office of Workers' Compensation Administration, which denied his claim for continued disability benefits based on an alleged permanent, total disability and reduced his award for rehabilitation expenses by amounts received from federal grants. For the following reasons, the judgment is reversed in part, amended in part, and as amended, affirmed.

Factual and Procedural History
Jesse Earl Walker, Jr. (Walker) was in the course and scope of his employment with High Tech Refractory Services, Inc. (High Tech) on July 30, 1991, as a laborer when he sustained serious injuries as a result of falling 14 stories while working inside of a "cat cracker" at the Shell plant in Norco, Louisiana. After having paid Walker supplemental earnings benefits for a period of 520 weeks at the maximum rate, High Tech's workers' compensation insurer, Liberty Mutual Insurance Company (Liberty), discontinued payments of weekly indemnity benefits on July 27, 2001, prompting Walker to file a disputed claim form, seeking continued benefits on the basis of an alleged psychological disability which precluded him from returning to work.[1]
Although the workers' compensation judge (WCJ) ordered Liberty to authorize Walker to undergo psychiatric/psychological treatment as recommended by Dr. Craig Waggoner, a psychologist, the WCJ dismissed Walker's claim for indemnity benefits beyond the 520 weeks previously paid by Liberty based on a finding that he was not permanently and totally disabled. In addition to ordering the payment of certain medical expenses, the judgment awarded Walker reimbursement in the amount of $8,739.06 for tuition expenses incurred at Camelot College for the period of April 5, 2000, through March 14, 2001, subject to a credit in favor of High Tech and Liberty for monies paid to Camelot College under the Federal Pell Grant Program. Walker appealed, contending that the WCJ erred in finding that Walker was not permanently, totally disabled and in recognizing a credit for Pell Grant payments made on Walker's behalf in favor of High Tech and Liberty against their obligation for tuition expenses incurred at Camelot College.

Discussion
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the finding, no additional inquiry is *1188 necessary. However, if a reasonable factual basis exists, an appellate court may set aside a trier of fact's factual finding only if, after reviewing the record in its entirety, it determines the fact finder's finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart, 617 So.2d at 882. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, 549 So.2d at 844. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.
To be entitled to compensation benefits, the work-related injury must be disabling, whether it be temporary or permanent. Pursuant to LSA-R.S. 23:1221(1)(c), a claimant has the burden of proving a temporary, total disability by clear and convincing evidence. In the absence of clear and convincing evidence that the claimant is physically unable to engage in any employment, the claimant's demand for temporary, total disability benefits must fail. LeBlanc v. Grand Isle Shipyard, Inc., 95-2452 (La.App. 1st Cir.6/28/96), 676 So.2d 1157, 1161. In claiming a permanent, total disability, the claimant must likewise prove by clear and convincing evidence his or her inability to engage in any employment. LSA-R.S. 23:1221(2)(c).
The issue of disability within the framework of the workers' compensation law is a legal rather than a purely medical determination. LeBlanc, 676 So.2d at 1161. The issue of disability is determined with reference to the totality of the evidence, including both lay and medical testimony. LeBlanc, 676 So.2d at 1161. After a thorough review of the record and considering the credibility determinations made by the WCJ, we are convinced there was a reasonable factual basis to support the WCJ's finding that Walker was not entitled to permanent, total disability benefits. This court further concludes the record establishes this factual determination was not manifestly erroneous. Therefore, we find no error in the WCJ's determination that Walker failed to prove his entitlement to continued indemnity benefits under LSA-R.S. 23:1221.
An employer has a statutory duty to furnish all necessary medical treatment caused by a work-related injury. LSA-R.S. 23:1203; Patterson v. Long, 96-0191 (La.App. 1st Cir.11/8/96), 682 So.2d 1327, 1334, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. The right to medical expenses is separate and distinct from the right to indemnity benefits. Therefore, an employee may recover medical expenses even though there is no recovery for indemnity benefits.[2]Ridlen v. St. Charles Manor Nursing Center, Inc., 94-275 (La.App. 5th Cir.10/12/94), 644 So.2d 244, 247, writ denied, 94-3039 (La.2/3/95), 649 So.2d 410. Accordingly, *1189 we conclude that the WCJ's award of medical expenses associated with the course of psychological treatment recommended by Dr. Waggoner is not contrary to or inconsistent with its decision regarding indemnity benefits.
The employer's duty to furnish a compensation claimant rehabilitation services is found in LSA-R.S. 23:1226. When an employee has suffered an injury covered by the workers' compensation law which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. LSA-R.S. 23:1226(A).[3] The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, as soon as possible after an injury occurs. LSA-R.S. 23:1226(B)(1). When it appears that a retraining program is necessary and desirable to restore the injured employee to suitable gainful employment, the employee shall be entitled to a reasonable and proper retraining program for a period not to exceed twenty-six weeks, which period may be extended for an additional period not to exceed twenty-six additional weeks if such extended period is determined to be necessary and proper by the workers' compensation judge. LSA-R.S. 23:1226(E). If a retraining program requires residence at or near the facility or institution and away from the employee's customary residence, reasonable costs of board, lodging, or travel shall be borne by the employer or insurer. LSA-R.S. 23:1226(E). We are aware of no statutory authority providing for an offset for any expenses for such rehabilitation services. LSA-R.S. 23:1225 permits the employer a limited reduction in compensation benefits only when the employee is also receiving certain other specifically enumerated benefits. Federal Pell Grant Program payments are not listed therein.[4] Therefore, we conclude that the WCJ erred in finding that High Tech and Liberty were entitled to an offset for that portion of Walker's rehabilitation expenses covered by Pell Grant payments.[5]
*1190 For the foregoing reasons, that portion of the judgment recognizing High Tech and Liberty's right to a credit for monies paid on Walker's behalf under the Federal Pell Grant Program is reversed. Accordingly, the judgment is amended to award Jesse Earl Walker, Jr. full reimbursement for tuition expenses incurred at Camelot College for the period of April 5, 2000, through March 14, 2001. As amended, the judgment is otherwise affirmed. Costs of this appeal are assessed to High Tech Refractory Services, Inc. and Liberty Mutual Insurance Company.
REVERSED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.
CARTER, J., concurs in the result.
NOTES
[1] The final cost report prepared by a Liberty representative disclosed the following workers' compensation benefits payments through August 26, 2001: $107,897.44 in total indemnity benefits, $12,670.34 in total rehabilitation expenses, and $92,503.29 in total medical expenses.
[2] To recover medical expenses under LSA-R.S. 23:1203, the claimant must prove by a preponderance of the evidence that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. Patterson, 682 So.2d at 1334; see Spurrell v. Ivey, 25,359, 25,360 (La.App. 2nd Cir.1/25/94), 630 So.2d 1378, 1384.
[3] Prior to its amendment by 1989 La. Acts, No. 454, § 6, LSA-R.S. 23:1226(A) provided:

When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. The employer or insurer shall provide such injured employee with appropriate training and education for suitable gainful employment and may utilize programs provided by state and federal agencies for vocational education when conveniently available or may utilize any public or private agency cooperating with such state and federal agencies in the vocational rehabilitation of such injured employee. In the absence of such programs the employer or insurer shall provide vocational rehabilitation with available private agencies.
Only the first sentence of paragraph A survived the 1989 revisions. Notably, the language relied on by the court in Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, in finding that the employer was not liable for expenses that are covered by the state vocational rehabilitation scholarship that plaintiff received, no longer forms part of LSA-R.S. 23:1226. Freeman, 630 So.2d at 741 n. 3. Similarly, in Bigner v. LSU Medical Center, 27,084 (La.App. 2nd Cir.6/21/95), 658 So.2d 218, the court, relying on paragraph A's former recognition that an employer may "utilize programs provided by state and federal agencies for vocational education," determined that an employer's responsibility for retraining would be lessened by the claimant's receipt of financial aid in the form of a federal grant. Bigner, 658 So.2d at 222 n. 1.
[4] Cf. Shelvin v. Waste Management, Inc., 580 So.2d 1022, 1028-1029 (La.App. 3rd Cir.1991), involving Medicare payments.
[5] Furthermore, we are not persuaded that the failure to allow an offset will result in double recovery by Walker for these expenses. In fact, Walker may be personally responsible for refunding the grant monies to the federal Secretary of Education under the provisions of 34 C.F.R. § 690.79. See Till v. Delta School of Commerce, Inc., 487 So.2d 180, 183 (La.App. 3rd Cir.1986).