THERIOT, J.
Regina Delatte appeals the judgment of the Office of Workers' Compensation, District 6, of the Parish of Washington (OWC), in which she was awarded temporary total disability (TTD) benefits and was denied penalties and attorney fees. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On September 30, 2015, Ms. Delatte suffered a work-related injury at her place of employment, Franklinton Junior High School, where she alleged she was lifting a box of juice when she "felt a pull in her lower back and froze up." At the time of the accident, Ms. Delatte was earning an annual salary of $45,949.92 from her employer, the Washington Parish School Board (the School Board), earning $883.65 weekly. The annual pay period spanned from August to August. Ms. Delatte continued to work after the accident and was released to full unrestricted duty by Dr. H. Reiss Plauche on October 26, 2015.
Ms. Delatte worked in her pre-injury position of Physical Education teacher until April 11, 2017. The parties stipulated that Ms. Delatte was on a no-work status from April 11, 2017 to July 25, 2017. Ms. Delatte did not work from April 11, 2017, until May 25, 2017, which was the last day of school, but received a paycheck in the amount of $3,862.50 on April 25, 2017, for the pay period of April 1 through 30, 2017.[1] She was paid for April 12, 2017 and was deducted one day of sick leave, but was not paid for April 13, 2017, since she had run out of sick leave time.
On May 25, 2017, Ms. Delatte received a paycheck in the amount of $2,461.81 from *343 her employer, covering the pay period of May 1 through 31, 2017 and 5.5 hours of sick leave for the dates of April 24 through 28, 2017. She did not receive a paycheck on the next scheduled payment date, June 25, 2017, since she did no work in that month and had used all of her sick time during the previous month.
On July 25, 2017, Ms. Delatte received a paycheck in the amount of $3,140.94 for the pay period of July 1 through 31, 2017 and for 18 hours of sick leave time from the previous month. On August 4, 2017, Ms. Delatte returned to work in her pre-injury position. From April 12, 2017 to August 4, 2017, Ms. Delatte had not worked in any capacity for the School Board. The School Board fully compensated Ms. Delatte for all the medical treatment she received for her work-related accident.
On April 25, 2017, Ms. Delatte filed a disputed claim for compensation against the School Board, in which she claimed that she sustained a developmental injury for which she had been taken off work by Dr. Lori Summers on April 11, 2017, and the School Board had refused to pay her indemnity benefits. Ms. Delatte sought penalties, attorney fees, and costs in connection with the School Board's refusal to pay indemnity benefits. The School Board raised affirmative defenses to Ms. Delatte's disputed claim, alleging that Ms. Delatte was never disabled from her accident, and that medical treatment sought by Ms. Delatte was not first approved by the School Board.
On October 12, 2017, the School Board filed a peremptory exception of prescription, alleging that Ms. Delatte's work-related injury occurred on September 30, 2015, and that she failed to file a claim for indemnity benefits within a year from that date. In her opposition to the exception, Ms. Delatte claimed that her disability did not manifest until April 11, 2017, when Dr. Summers removed her from work due to a developmental injury, therefore making her filing of the disputed claim timely.
A hearing was held on the exception, and on November 8, 2017, the OWC signed an order denying the School Board's peremptory exception.[2] The School Board has not appealed this ruling. Ms. Delatte alleges in her brief that after the order was signed, the School Board refused to pay indemnity benefits to her. Trial was held on January 12, 2018.[3] By judgment signed January 23, 2018, the OWC granted judgment in favor of Ms. Delatte, finding she was entitled to TTD benefits for the period of April 12, 2017 to July 25, 2017, awarding a total of $2,179.78 in indemnity benefits. Her requests for penalties and attorney fees was denied, and each party was made liable for its own costs. Ms. Delatte has appealed this judgment.
ASSIGNMENT OF ERROR
Ms. Delatte's sole assignment of error contains two issues. First, Ms. Delatte claims the OWC erred when it determined the School Board was entitled to a credit/offset for the salary paid to her for work performed during the school year. Second, she claims the OWC erred in not assessing penalties and attorney fees for the failure of the School Board to pay indemnity benefits.
STANDARD OF REVIEW
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of review. In applying the manifest error-clearly *344 wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc. , 96-2840 (La. 7/1/97), 696 So.2d 551, 556. A workers' compensation claimant who seeks temporary total or permanent total disability benefits must prove by clear and convincing evidence, unaided by any presumption of disability, that she is physically unable to engage in any employment or self-employment, regardless of the nature or character of the work. La. R.S. 23:1221(1)(c) and (2)(c). In the absence of such evidence, the claimant's demand for temporary total or permanent total disability benefits fails. Nitcher v. Northshore Regional Medical Center , 2011-1761 (La. App. 1 Cir. 5/2/12), 92 So.3d 1001, 1007, writ denied, 2012-1230 (La. 9/21/12), 98 So.3d 342 ; See also Walker v. High Tech Refractory Services, Inc., 2003-1621 (La. App. 1 Cir. 6/25/04), 885 So.2d 1185, 1188.
The issue of disability is determined with reference to the totality of the evidence, including both lay and medical testimony. Walker , 885 So.2d at 1188. While the workers' compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the claimant's burden. Nitcher, 92 So.3d at 1007 ; Isaac v. Lathan , 2001-2639 (La. App. 1 Cir. 11/8/02), 836 So.2d 191, 199. Ultimately the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. Tillery v. State, Department of Public Safety and Corrections, 2007-1228 (La. App. 1 Cir. 2/8/08), 984 So.2d 742, 744.
DISCUSSION
In the instant case, the parties stipulated that Ms. Delatte's disability status commenced on April 11, 2017 and ended on July 25, 2017.[4] We therefore accept those stipulations as clear and convincing evidence that Ms. Delatte was disabled from April 12, 2017 to July 25, 2017.
The OWC found that Ms. Delatte was not paid disability benefits for 26 days, and that at the stipulated disability rate of $589.13 a week, she was entitled to $2,179.78. April 12, 2017 to the end of school on May 25, 2017 comprised 32 work days. It was stipulated that during that time, Ms. Delatte was paid for April 12 while on sick leave, and during spring break she was paid from April 15 to April 19. Subtracting those six paid days, there were 26 days during the school year where Ms. Delatte did not work during her disability period and was not paid.
Ms. Delatte contends that the School Board should not receive any credit for salary it paid to her, and that her benefits should extend beyond May 25, 2017 to July 25, 2017, which is when her disability status ended. In support of this position she cites Thomas-Young v. Allen Parish School Board , 2000-1491 (La. App. 3 Cir. 3/8/01), 780 So.2d 1273, writ denied, 2001-1394 (La. 6/29/01), 794 So.2d 815, in which a school librarian was entitled to TTD benefits during the summer months, even though she received a full salary or paid sick leave benefits during that time; although she was employed on a nine month basis, her salary was paid over twelve months. Id., 1277-78. Ms. Delatte argues that her case is very similar in its circumstances *345 to the claimant's in Thomas-Young .
We, however, find Thomas-Young to be distinguishable from the present case. The claimant in Thomas-Young suffered a neck injury just five days prior to the end of the school term, and had paid sick leave available to her for those final five days. She did not return to work at the beginning of the next school term as Ms. Delatte had done, but returned in November of the following school term, then took extended sick leave from December to August of the following year. Her salary and benefits had been deducted so that a substitute teacher could be paid.[5] Id., 1275. The trial court ruled, and the court of appeal affirmed, to reimburse the claimant for deductions to her TTD benefits to cover the cost of hiring a substitute teacher. Id. , 1279.
In the instant case, Ms. Delatte's disability status began towards the end of one school year and ended before the next school year began. The school did not make deductions from her salary to pay a substitute teacher. Ms. Delatte claims she is entitled to her salary, plus TTD benefits for fifteen weeks of disability. This would mean she would collect her regular salary of $45,949.92, and receive an additional $8,836.95. We find such a result would be contrary to La. R.S. 17:1201(D)(1), which states:
Any member of the teaching staff in the public schools who is injured or disabled while acting in his official capacity shall be entitled to weekly wage benefits under the workers' compensation law of the state of Louisiana and/or to sick leave benefits under Subsection A of this Section, at his option, but in no event shall such benefits exceed the total amount of the regular salary the member of the teaching staff was receiving at the time the injury or disability occurred. (Emphasis added).
To award Ms. Delatte the full amount she requests would essentially equate to giving her a raise of $6,657.17. The OWC was therefore reasonable and not manifestly erroneous in awarding Ms. Delatte $2,179.78.
Ms. Delatte also requested penalties and attorney fees for the School Board's nonpayment of disability. An employee is entitled to penalties and attorney fees when the employer fails to provide payment of benefits. La. R.S. 23:1201(F). However, the employer shall not be ordered to pay penalties or attorney fees to the employee if the claim has been reasonably controverted. La. R.S. 23:1201(F)(2). The test to determine whether the employee's right has been reasonably controverted turns on whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. Ceasar v. Crispy Cajun Restaurant , 94-0030 (La. App. 3 Cir. 10/5/94), 643 So.2d 471, 477, writ denied, 94-2736 (La. 1/6/95), 648 So.2d 931.
Ms. Delatte sought $8,836.95 in TTD payments, and the School Board presented evidence through joint stipulation of Ms. Delatte's salary, the days she had worked and did not work, and the time for which she was paid. As a result, the OWC awarded $2,179.78 in TTD benefits to Ms. Delatte. Thus, the School Board reasonably controverted Ms. Delatte's claim with sufficient factual information. The OWC was therefore correct in finding the School Board was not liable for penalties and *346 attorney fees for nonpayment of benefits. See La. R.S. 23:1201(F)(2).
DECREE
The judgment of the Office of Workers' Compensation, District 6, of the Parish of Washington, with respect to the entitlement and award of TTD benefits to the appellant, Regina Delatte, is affirmed. All costs of this appeal are assessed to the appellant, Regina Delatte.
AFFIRMED.
Guidry, J. concurs

In addition, Ms. Delatte was paid her salary wages during the Spring Break period from April 14, 2017 to April 21, 2017.

The presiding judge at the time was Gwendolyn F. Thompson.

Judge Robert W. Varnado presided over the trial and rendered the final judgment.

The stipulated commencement of Ms. Delatte's disability status is based on a prescription note written by Dr. Summers and dated April 11, 2017, which states, "Ms. Delatte is unable to work [at] this time." The release date of July 25, 2017 was agreed upon by the parties by joint stipulation, although any authorization of that date by Dr. Summers or another physician is absent in the record.

See Gayle v. Porter , 239 So.2d 739 (La. App. 4 Cir. 1970), writ denied, 257 La. 171, 241 So.2d 531 (1970).