[ ¶ TERRI F. LOVE, Judge.
The Orleans Parish School Board seeks review of the worker’s compensation judge’s judgment which awarded Ms. Montgomery compensation benefits and attorney fees and penalties in the amount of $10,000.00 and ordered defendant to “credit back” Ms. Montgomery’s vacation and leave time. We affirm in part and reverse in part the worker’s compensation judge’s ruling for the following reasons.
FACTS AND PROCEDURAL HISTORY
The claimant, Barbara Montgomery, filed a workers’ compensation claim for injuries sustained when she slipped and fell while on the job as a teacher employed by the Orleans Parish School Board (“School Board”) at Sherwood Forest Elementary School on January 19, 2001. Ms. Montgomery sustained injuries to her neck and shoulder, and in a related incident, injury to her knee as well as psychological trauma. Ms. Montgomery underwent surgery on her shoulder on October 4, 2001. On July 8, 2002, a second surgery was recommended by her neurosurgeon, Dr. Bryant George. Ms. Montgomery was evaluated by Dr. Gregory Dowd, another neurosurgeon, at the request of the School Board on April 24, 2003. Dr. Dowd informed the School Board that he |2agreed with Dr. George’s recommendation for a second surgery. However, at the time of the hearing, Ms. Montgomery was awaiting approval from the School Board for the second surgery.
During the period that Ms. Montgomery was unable to work, she was receiving payment from her employer. In an administrative error, the School Board did not pay Ms. Montgomery from the Worker’s Compensation fund, but compensated her through vacation and sick leave. In addition to paying her from the incorrect fund, the School Board paid Ms. Montgomery her full salary, not the lesser amount required under the Worker’s Compensation scheme.
After a hearing on a claim for benefits on June 4, 2003, the workers’ compensation judge rendered a written judgment on June 24, 2003, which provided:
IT IS ORDERED, ADJUDGED AND DECREED that:
1. Employer approve and pay for the neck surgery and all concomitant treatment ordered by Bryant *873 George, MD, claimant’s treating neurosurgeon;
2. Reinstate Claimant’s vacation and sick leave to the amounts of each she had accumulated on the date of her injury, January 19, 2001;
3. Begin paying Claimant her workers’ compensation benefits, based on an average weekly wage of $1,091.00, giving Claimant the option to use the reinstated vacation and sick leave to supplement her workers’ compensation benefits, as is contemplated in LSA-RS 17:1201(D)(1);
4. Approve and pay for an initial evaluation of Claimant’s knee and groin injuries she received while participating in a required functional capacity evaluation, by her choice of orthopedic surgeon;
5. Approve and pay for an initial course of psychological counseling with a treating psychologist of Claimant’s choice;
6. Pay the outstanding medical bill to Gulf Coast Anesthesia of $1,320.00;
7. Pay the outstanding medical bill to Tulane Medical Center of $34.00;
8. Pay to Claimant and her attorney, a penalty in the amount of $2,000.00 and concomitant attorney fees in the amount of $2,000.00 for failing to timely pay the Gulf Coast Anesthesia bill;
9. Pay to Claimant and her attorney, a penalty in the amount of $2,000.00 and concomitant attorney fees in the amount of $2,000.00 for failing to timely pay the Tulane Medical Center bill;
10.Pay to Claimant and her attorney, a penalty in the amount of $1,000.00 and concomitant attorney fees in the amount of $1,000.00 for failing to timely authorize the surgery ordered by Dr. George.
The School Board lodges this appeal.
DISCUSSION
On appeal, the School Board asserts two assignments of error: (1) the trial court erred when it ordered the defendant to “credit back” Ms. Montgomery’s sick and vacation leave without requiring Ms. Montgomery to pay back the sums that were paid to her in excess of her benefit due to a clerical error, which came directly out of her leave and vacation time; and (2) the trial court erred when it ordered the defendant to pay penalties and attorney fees of $10,000.00 for failing to authorize surgery and pay medical bills that totaled $1400.00.

Standard of Review

It is well settled that factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/2/97), 704 So.2d 1161, 1164; Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. In applying the manifest error or clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Seal, 97-0688, p. 4, 704 So.2d at 1164. Where two permissible views of the evidence exist, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Id. If the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks, 96-2840, p. 8, 696 So.2d at 556.
*874 FIRST ASSIGNMENT OF ERROR
The School Board contends if they are required to “credit back” Ms. Montgomery’s sick and vacation leave, then Ms. Montgomery should be required to reimburse the School Board for the excess sums paid from the sick and vacation leave accounts.
In Thomas-Young v. Allen Parish School Bd., 2000-1491, p. 6 (La.App. 3 Cir. 3/8/01), 780 So.2d 1273, 1277, the Third Circuit found that the amount of $850.62 paid to the claimant represented temporary total disability (TTD) benefits the School Board owed her as a result of her lower salary following deductions taken for hiring substitute teachers and held that the School Board was not entitled to a credit against the salary reductions it was ordered to repay the claimant. However, the School Board was entitled to a credit in the amount of $850.62 against its TTD obligation. The Third Circuit also affirmed the workers’ compensation judge’s ruling ordering the return of sick leave to the claimant without allowing the School Board a credit for the monetary value of the fifteen days of extended sick leave granted to her by the superintendent, stating that “[t]o give the School Board a credit for the additional fifteen days of sick leave granted to Young would, in effect, allow it a credit for compensation benefits it owed her, in violation of La. R.S. 23:1206.” Thomas-Young, 2000-1491, p. 11, 780 So .2d at 1280.
In Hollingsworth v. East Baton Rouge School Bd., 94-0518 (La.App. 1 Cir. 12/15/95), 666 So.2d 376, the First Circuit amended the judgment in favor of an injured teacher by awarding the full amount of TTD benefits without a reduction for sabbatical leave pay allowed by the workers’ compensation judge. In doing so, the court noted that requiring the claimant to use sabbatical leave for recuperation from a work-related injury violated La. R.S. 23:1206 [1] and 23:1163[2]. The Hollingsworth court further stated that it would be prohibited by La.R.S. 23:1163 and contrary to the policy of the Workers’ Compensation Act to allow deductions from an injured teacher’s benefits to cover the cost of hiring substitutes. Hollingsworth, 94-0518, p. 12, 666 So.2d at 382, n. 12.
In the present case, Ms. Montgomery received her full salary for one and one-half years following the accident. However, the monies received came from her accumulated vacation and sick leave, not from the workers’ compensation account. As the Hollingsworth Court noted, requir *875 ing Ms. Montgomery to use vacation and sick leave for recuperation from a work-related injury would be in violation of La. R.S. 23:1206 and La. R.S. 23:1163. The School Board acknowledged that the payments made from Ms. Montgomery’s accrued leave were an administrative, error and that Ms. Montgomery should have been paid workers compensation benefits from the workers compensation account. The workers compensation judge correctly determined that Ms. Montgomery was entitled to have her accrued leave “credited back.”
The School Board cites to La. R.S. 17:1201(D)[3] in support of its argument that it should receive a monetary credit for the accrued leave “credited back” to the Ms. Montgomery. Under this statute, the claimant has the option of using her accrued leave to supplement her worker compensation benefits. However, in the case'at bar, Ms. Montgomery was never given such an option. The defendant contends that it was a clerical error that resulted in the use of claimant’s accrued leave and thus it should not be penalized for its error., In the cases cited above, the employers knew that the claimants were entitled to workers compensation benefits and used other methods for payment to the claimant. In the case at bar, defendant’s use of claimant’s accumulated leave to pay for salary in lieu of workers compensation benefits was purely a clerical error and the School Board should not be penalized for its error. Thus, the workers compensation judge erred when it denied the School Board’s request for a credit of the monies paid to the claimant.
SECOND ASSIGNMENT OF ERROR
The School Board also contends that the trial courts judgment awarding penalties and attorney fees is erroneous. The School Board argues that the amount of penalties and attorney fees is excessive in comparison to the actual amount of the medical bills. The penalty provision of La. R.S. 23:1201 provides, in part:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claims ... (Emphasis added).
Further, when an employer refuses to authorize medical treatment that is reasonable and necessary, penalties and fees are warranted. An employer may escape liability for its failure to provide medical benefits if: 1) its nonpayment stemmed from conditions over which the employer had no control, or 2) the employer reasonably controverted the employee’s right to such medical benefits. Warren v. Maddox Hauling, 2002-733, p. 5 (La.App. 3 Cir. 12/4/02), 832 So.2d 1082, 1086-87.
*876 Awards of attorney’s fees in a workers’ compensation case are penal in nature and are intended to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry, Inc., 98-2271, pp. 8-9 (La.6/29/99), 737 So.2d 41, 46. Although the benefits provisions in the workers’ compensation act are to be liberally construed, penal statutes are to be strictly construed. Id., p. 9, 737 So.2d at 46. In Fontenot v. Reddell Vidrine Water District, 2002-0439, 2002-0442, 2002-0478, p. 18 (La.1/14/03), 836 So.2d 14, 27, the Louisiana Supreme Court interpreted the penalty provision of La. R.S. 23:1201(F) to allow for multiple penalties for multiple violations regarding indemnity and medical benefits claims. The actual amount of the medical bills is not relevant to the penalties and attorney fees assessed. The relevant issue is the delay in the payment of the medical bills.
In Gross v. Maison Blanche, Inc., 98-2341, p. 5 (La.App. 4 Cir. 4/21/99), 732 So.2d 147, 150, this Court upheld an award for penalties and attorney fees for the refusal to authorize medical treatment which was reasonable and necessary, recognizing that an employer must demonstrate that reasonable efforts were made to ascertain the worker’s exact condition before denying benefits, and that employers have an ongoing duty to review medical reports concerning disability.
In the present case, the trial court is authorized to enforce multiple penalties for multiple violations that explain the amount of penalties and attorney fees. Ms. Montgomery’s medical bills were incurred in October of 2001 and remained unpaid through the date of the hearing, June 4, 2002. Under La. R.S. 23:1201, Ms. Montgomery was entitled to the maximum amount of penalties for the School Board’s failure to pay two medical bills timely. In addition, Ms. Montgomery was entitled to the penalties and attorney fees for the School Board’s failure to timely authorize the second surgery. Ms. Montgomery and the School Board were informed of the need for a second surgery by Dr. George, the plaintiffs neurosurgeon, on July 8, 2002. The School Board did not request a second opinion until April 24, 2003 when it had Ms. Montgomery examined by Dr. Gregory Dowd, the neurosurgeon selected by the School Board for an independent evaluation. Although Dr. Dowd agreed with Dr. George’s assessment that a second surgery was needed, approval for the surgery had not been given by the School Board at the time of the hearing on June 4, 2003.
Ms. Montgomery met her burden of showing that the treatment was reasonable and necessary. The School Board did not explain its nonpayment stemmed from conditions over which the employer had no control, nor did they controvert the employee’s right to medical benefits. The delay in obtaining the |flsecond opinion and/or approval for surgery was unreasonable. This assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we affirm in part and reverse in part the judgment of the workers’ compensation judge.
AFFIRMED IN PART, REVERSED IN PART.

. La.R.S. 23:1206 provides, "Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.”

. La.R.S. 23:1163(A) provides: It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer's own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person. This statute was held to prohibit "all employers, whether insured or self-insured, from receiving any indirect payment by an employee toward the cost of worker's compensation benefits.” Bryant v. New Orleans Public Serv., Inc., 414 So.2d 322, 323 (La.1982).

. La. R.S. 17:1201(D) provides: "(1) Any member of the teaching staff in the public schools who is injured or disabled while acting in his official capacity shall be entitled to weekly wage benefits under the worker's compensation law of the state of Louisiana and/or to sick leave benefits under Subpart B of Part X of this Chapter, at his option, but in no event shall such benefits exceed the total amount of the regular salary the member of the teaching staff was receiving at the time the injury or disability occurred. (2) In any case in which a member of the teaching staff supplements worker's compensation with accumulated or extended sick leave, the amount of sick leave used shall be calculated on an hourly basis.”