984 So.2d 185 (2008)
Francis MacFARLANE
v.
SCHNEIDER NATIONAL BULK CARRIERS, INC.
No. 2007-CA-1386.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 2008.
*186 Gregory Reardon, Slidell, LA, for Plaintiff/Appellant.
C. David Vasser, Jr., Vasser & Vasser, Baton Rouge, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Plaintiff-Appellant appeals the judgment from the Office of Workers' Compensation denying a motion for penalties and attorney's fees. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Appellant Francis MacFarlane, the employee, and her employer, Schneider National Bulk Carriers, Inc. ("Schneider"), agreed to settle Mr. MacFarlane's workers' compensation case by a signed settlement agreement.[1] Neither party disputes *187 that the Joint Petition for the Settlement and Compromise ("Joint Petition") was jointly drafted and approved by both parties and their respective counsel. On July 19, 2006, the Workers' Compensation Court approved the Joint Petition by a signed order. The agreement provided, in part, for a lump sum cash payment of $140,000.00, without deduction of compensation payments or medical expenses previously paid. The settlement agreement also provided that Schneider was to provide for funding of a previously established Medicare Set-Aside account ("MSA"), which was to be funded by an initial lump sum payment of $19,021.05. Subsequent to the initial lump-sum payment, the MSA was to be funded by annuity payments made by Schneider. Appellant submits that pursuant to La. R.S. 23:1201(G)[2] and La. R.S. 23:1271,[3] the initial lump sum payment was to be funded by Schneider within thirty days of the order; however, the MSA was not funded until November 1, 2006, or 105 days after the July 19, 2006 order.[4] Appellant does not dispute that *188 the settlement agreement did not specifically provide that the MSA be funded by Schneider within thirty days of the settlement agreement.
On February 8, 2007, Appellant filed a Motion and Order for Penalties and Attorney's Fees with the Office of Workers' Compensation ("OWC") on the basis that the MSA was not funded within thirty days as mandated by Louisiana law. After a hearing on May 16, 2007, the court requested briefs from both parties. On July 6, 2007, the OWC denied Appellant's motion. This appeal followed.
DISCUSSION
In his sole assignment of error, Appellant submits that the trial court erred in finding that the initial lump sum payment of $19,021.05 for the MSA did not have to be funded within thirty days of the settlement agreement and in denying Appellant's motion for penalties and attorney's fees. We agree.
"In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the `manifest error-clearly wrong' standard." Dean v. Southmark Construction, XXXX-XXXX, p. 7 (La.7/6/04), 879 So.2d 112, 117. When legal error interdicts the fact-finding process in a workers' compensation proceeding, the de novo, rather than the manifest error, standard of review applies. Brantley v. Delta Ridge Implement, Inc., 41,190, p. 8 (La.App. 2 Cir. 6/28/06), 935 So.2d 308, 314. Likewise, "[t]he interpretation of statutes pertaining to worker's' compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct." Lirette v. Patterson Services, Inc., 2005-2654, p. 4 (La.App. 1 Cir. 11/17/06), 951 So.2d 223, 226 (citing Hand v. City of New Orleans, 04-0845, p. 5 (La.App. 4 Cir. 12/22/04), 892 So.2d 609, 612). Because we find that the trial court committed legal error in finding that La. R.S. 23:1201(G) did not apply the facts of the instant case, we review the matter de novo.'
Appellant argues that the settlement in the instant case was in accordance with the mandates of La. R.S. 23:1271 and is thus a final, non-appealable judgment under La. R.S. 23:1201(G). Therefore, Appellant submits that the MSA, as part of the lump sum settlement agreement, included both the $140,000.00 and $19,021.05, and thus constituted "any award" pursuant to the language of La. R.S. 23:1201(G). Because the MSA was not funded by Schneider within thirty days, Appellant maintains that penalties and attorney's fees should be awarded in accordance with the plain language of La. R.S. 23:1201(G).
The Joint Petition referenced the Compromise Agreement and Release,[5] which provided that the lump sum cash payment of $140,000.00 was to be made to Mr. MacFarlane "within thirty days of judicial approval of this compromise and release."[6] Similarly, with regard to the MSA, neither the Joint Petition nor the Compromise *189 Agreement and Release required funding within thirty days of the OWC approval of the settlement, but instead provided as follows:
The parties have created the Francis MacFarlane Medicare Set-Aside Account (hereinafter "Set-aside"), which will be funded with an initial lump-sum of $19,021.05 plus an annuity paying $7,358.79 per year for Mr. MacFarlane's life beginning in 2007 for medical care plus an annuity paying $1,829.48 per year for Mr. MacFarlane's life beginning in 2007 for medications.[7]
Appellee Schneider thus argues that the reason for the omission of the thirty day deadline in both the settlement and the court's order was because the parties did not ever agree or contemplate that Schneider would have only thirty days from the date of OWC approval of the settlement to make the MSA lump sum payment. Moreover, Schneider argues that the parties were both aware that by law, the settlement had to first be submitted to Medicare for approval, which was a process that neither party anticipated would be completed within thirty days.
Conversely, Appellant argues that the parties' intent was to provide for funding of Mr. MacFarlane's future medical care and indemnity benefits without shifting the burden to Medicare. Furthermore, Appellant submits that although his counsel reviewed and approved the settlement documents, the documents were actually drafted by counsel for Appellee, and as such, should be interpreted against the drafter because the language is ambiguous. Appellant maintains that he intended the lump-sum payment for the MSA to be made contemporaneously with the lumpsum indemnity payment. Because the wording of the agreement was interpreted differently by the parties, Appellant argues, the language is ambiguous and should be interpreted in favor of the nondrafting party.
We find that La. R.S. 23:1201(G) applies to the facts of the instant case. The judgment in this case was a final, nonappealable judgment;[8] it was a settlement and lump-sum award in exchange for the discharge and release of Appellee, completed in accordance with the mandates of La. R.S. 23:1271 and La. R.S. 23:1272.[9] *190 While the language of La. R.S. 23:1201(G) does not specifically address the funding of Medicare set-aside accounts, it plainly provides for penalties and attorney's fees for non-payment of "any award payable under the terms of a final, nonappealable judgment" within thirty days after the judgment becomes due. La. R.S. 23:1201(G)(emphasis added).
"When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent." Trahan v. Coca Cola Bottling Co. United, Inc., XXXX-XXXX, p. 6 (La.3/2/05), 894 So.2d 1096, 1102 (citing La. C.C. art. 9, La. R.S. 1:4).[10] Likewise, "[w]hen the wording of a section of the revised statutes "is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.'" Trahan, 894 So.2d at 1102 (quoting La. R.S. 1:4). The Louisiana Supreme Court has stated that "[i]n interpreting the Workers' Compensation Act, courts must be mindful of the basic history and policy of the compensation movement, which includes the provision of social insurance to compensate victims of industrial accidents." Trahan, 894 So.2d *191 at 1102. In addition, it is well-settled that the purpose behind La. R.S. 23:1201 is to promote accountability on the part of employers, and is "intended to discourage indifference and undesirable conduct by employers and insurers" toward injured workers. Montgomery v. Orleans Parish School Board, XXXX-XXXX, p. 7 (La.App. 4 Cir. 6/2/04), 876 So.2d 870, 876 (citing Williams v. Rush Masonry, Inc., 98-2271, pp. 8-9 (La.6/29/99), 737 So.2d 41, 46).[11]
We are mindful of the principle that although the benefits provisions in the workers' compensation act are to be liberally construed, penal statutes are to be strictly construed. Montgomery, 03-1943, p. 7, 876 So.2d at 876. Even when strictly construed, however, the wording of La. R.S. 23:1201(G), makes it clear that its provisions apply to "any award payable under the terms of a final, nonappealable judgment"; no reference is made to any exceptions or limitations with respect to Medicare set-aside accounts. Pursuant to the mandates of La. R.S. 23:1271, the settlement approved by the OWC to fund the MSA in the instant case was such an award. Moreover, there is no dispute that Appellee was required to fund the MSA in the amount of $19,021.05; the dispute arises out of a disagreement regarding the date by which the MSA should have been funded. Accordingly, we find that the clear and unambiguous language of La. R.S. 23:1201(G) applies, and that the MSA should have been funded within thirty days of OWC approval of the settlement.
CONCLUSION
Because Appellee Schneider paid the initial lump sum of $140,000.00 within thirty days of the judgment, we disagree with Appellant's contention that penalties should be assessed on $159,021.05, or the entire amount of the settlement. We find that penalties in this case are only appropriate for the portion that was not funded within thirty days pursuant to La. R.S. 23:1201(G), or $19,021.05. Accordingly, the judgment denying Appellant's motion for penalties and attorney's fees for nonpayment of a lump sum of $19,021.05 within thirty days of judicial approval of the settlement is hereby reversed, and the matter is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The Joint Petition for Approval of Settlement and Compromise of Worker's Compensation Claim provided that on March 23, 2002, Francis MacFarlane, a truck driver for Appellee Schneider, sustained injury to his knees and back while working for Schneider as a truck driver; that Mr. MacFarlane incurred medical expenses, a total of which $89,258.36 was paid by Schneider; that Mr. MacFarlane's average weekly wage at the time of the alleged injury was $930.34; that as of the date of the joint petition, Schneider had paid indemnity benefits totaling $90,266.96; that a bona fide dispute existed between Schneider and Mr. MacFarlane as to the nature and extent of his injuries and the amount of compensation, if any, that was due Mr. MacFarlane; that to avoid litigation, the parties entered into a compromise agreement, which included the lump sum of $140,000.00 and the creation of the Medicare Set Aside account to be administered by Mr. MacFarlane; that the functionally limiting effects of the medical conditions or injuries sustained by Mr. MacFarlane may exist for the remainder of his life, and thus, the net cash paid to Mr. MacFarlane would serve as a substitute for periodical workers' compensation payments for the remainder of his life expectancy; and that the net cash value of the settlement totaled a stipulated monthly rate of $428.57.
[2] If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

La. R.S. 23:1201(G)(emphasis added).
[3] A. It is stated policy for the administration of the workers' compensation system of this state that it is in the best interest of the injured worker to receive benefit payments on a periodic basis. A lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer, his insurer, or both from liability under this Chapter shall be allowed only:

(1) Upon agreement between the parties, including the insurer's duty to obtain the employer's consent;
(2) When it can be demonstrated that a lump sum payment is clearly in the best interests of the parties; and
(3) Upon the expiration of six months after termination of temporary total disability. However, such expiration may be waived by consent of the parties.
B. As used in this Part, parties means the employee or his dependent and the employer or his insurer. Nothing in this Section shall require the office of risk management to obtain approval of settlements from the employing state agency, department, council, board, or political subdivision.
La. R.S. 23:1271.
[4] For the MSA to be funded within thirty days of the July 19, 2006 order, it would have to have been funded by Schneider by August 18, 2006.
[5] The Joint Petition provided that "[t]o avoid litigation, the parties have entered into a compromise agreement attached hereto as Exhibit 2", which contained the Compromise Agreement and Release. The Joint Petition was signed by both counsel for Schneider and counsel for Mr. MacFarlane.
[6] The language in the Joint Petition itself, however, made no provision that the $140,000.00 lump sum would be paid within thirty days of judicial approval of the settlement; it simply provided that the $140,000.00 was "to be paid in cash in a lump sum, without discount and without deducting compensation payments or medical expenses heretorefore paid. . . ."
[7] The Compromise Agreement and Release, signed by Francis MacFarlane and dated July 18, 2006, similarly provided the following with respect to the MSA:

FRANCIS MACFARLANE ("Employee"), for the sole consideration of . . . the creation of the Franicis [sic] MacFarlane Medicare Set-Aside Account to be administered by Mr. MacFarlane and funded by or in behalf of Employer [Schneider] or its insurer, if any, with (i) an initial lump-sum of $19,021.05, plus an annuity paying $7,358.79 per year for Mr. MacFarlane's life beginning in 2007, for his medical care, and (ii) an annuity paying $1,829.48 per year for Mr. MacFarlane's life beginning in 2007, for his medications desires [sic] to amicably resolve the entirety of his claims arising out of said accident and requests this Court to approve same.
[8] See also Lazaro v. New Orleans Brass, XXXX-XXXX, p. 12 (La.App. 4 Cir. 5/4/05), 903 So.2d 538, 545 (finding that La. R.S. 23:1201(G) could similarly apply to consent judgments that cannot be appealed or to judgments entered into following binding arbitration).
[9] A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.

B. When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers' compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and, (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers' compensation judge shall approve the settlement by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.
C. When the employee or his dependent is not represented by counsel, the workers' compensation judge shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement, and shall approve it by order, unless he finds that it does not provide substantial justice to all parties, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.
D. If a suit has been filed against a third party pursuant to the provisions of R.S. 23:1101, the district court hearing the third-party suit shall, in addition to a workers' compensation judge, have the authority to approve a lump sum or compromise settlement of the workers' compensation claim under the same conditions and terms set forth in this Section for approval of such settlements by a workers' compensation judge, and such authority shall include approval and establishment of the credit due the employer. The fees of the attorney representing the employee in the workers' compensation matter shall be approved by the district court judge.
E. All compensable medical expenses incurred prior to the date of the settlement shall be paid by the payor unless the terms of the settlement specifically provide otherwise.
La. R.S. 23:1272.
[10] Trahan involved a workers' compensation claimant seeking, inter alia, penalties and attorney's fees for nonpayment of a settlement with his employer within thirty days as mandated by La. R.S. 23:1201(G). Trahan, 04-0100, pp. 19-20, 894 So.2d at 1109-10. The Court found that although the agreement between the parties was not a lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer and/or his insurer from liability under the Workers' Compensation Act pursuant to La. R.S. 23:1272, the parties nevertheless entered into a valid compromise pursuant to La. Civil Code art. 3071, because the agreement was read in open court and could be transcribed from the record of the proceeding. Id. at p. 20, 894 So.2d at 1110. Accordingly, the Court determined that the compromise between the parties "constituted a final, nonappealable judgment for purposes of an award of penalties and attorney fees under La. R.S. 23.1201(G) and an award for purposes of La. R.S. 23.1201.3." Id. Because the award was not paid within thirty days after it became due, the Court affirmed the award of penalties and attorney's fees pursuant to La. R.S. 23.1201(G). Id.
[11] See also Trahan, 04-0100, p. 17, 894 So.2d at 1108; Schindler v. Orleans Regional Security, XXXX-XXXX, p. 14 (La.App. 4 Cir. 12/3/03), 862 So.2d 1032, 1041.