JOY COSSICH LOBRANO, J.
| jThis is a workers’ compensation case, in which the Plaintiff/Appellant, Jerome Augusta (“Augusta” or the “claimant”), appeals the November 6, 2014 judgment of the Office of Workers’ Compensation (“OWC”), dismissing Augusta’s disputed claim for compensation, Form LDOL-WC-1008 (the “disputed claim” or “1008”).
On November 11, 2013, Augusta injured his right knee in an accident while in the course and scope of his employment with the Defendant/Appellee, the Audubon Nature Institute, Inc. (“Audubon”). Following the work-related accident, Audubon initiated indemnity benefits at a weekly compensation rate of $423.08, based on an average weekly wage of $634.62.
On March 14, 2014, Augusta filed a disputed claim, alleging that Audubon incorrectly calculated his average weekly wage and claiming that Augusta was entitled to penalties and attorney’s fees. This case proceeded to trial on September 25, 2014, where the primary issue before the workers’ compensation judge was the | {.correct calculation of Augusta’s average weekly wage. No live witnesses were presented at trial, and the matter was submitted on briefs.
At trial, the following facts were not in dispute. At all relevant times, Augusta' was a salaried employee. At the time of the November 2013 accident, Audubon paid Augusta a salary of $33,000.00 per year. However, on July 30, 2013, approximately four (4) months prior to the accident, Augusta was demoted from assistant facilities director to greenskeeper. From November 2012 until the July 2013 demotion, Augusta’s salary had been $43,769.00 per year. During the full one-year period prior to the accident, Augusta’s total annual income from his employment with Audubon was $42,824.76.
' Augusta argued that his average weekly wage was $823.55, with a weekly compensation rate of $549.04. Augusta’s calculation .of average weekly wage was reached by dividing ■ his total annual income of $42,824.76 by fifty-two (52). Audubon contended that it correctly calculated Augusta’s average weekly wage, which was his current annual salary of $33,000.00 divided by fifty-two (52).
The workers’ compensation judge rendered judgment on November 6, 2014, holding, in pertinent part, as follows:
IT IS ORDERED that the 1008 filed by the Claimant be dismissed on the grounds: that Defendant properly, calculated Claimant’s average weekly wage pursuant to LSA-R.S. [23:]1021(13) which provides that Claimant’s average weekly wage should be -calculated at his salary at the time of the accident.
IT IS FURTHER ORDERED that claimant’s average weekly wage of $634.62, with a weekly indemnity rate of $423.08, was correctly calculated by Defendant based upon Claimant’s salary at the time of the accident which was '$33,000.00.
| sAugusta appeals the November 6, 2014 judgment of the OWC and argues that the lower court erred in calculating his average weekly wage.
In workers’ compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the manifest error-elearly wrong standard. Dean v. Southmark Constr., 2003-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. When legal error interdicts the fact-finding process in a workers’ compensation proceeding, the de novo, rather than the manifest error, standard of review applies. MacFarlane v. Schneider Nat’l Bulk Carriers, Inc., 2007-1386, p. 3 (La.App. 4 Cir. 4/30/08), *618 984 So.2d 185, 188. Likewise, interpretation of statutes pertaining to workers’ compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct. Id.
In Trahan v. Coca Cola Bottling Co. United, 2004-0100, pp. 6-7 (La.3/2/05), 894 So.2d 1096, 1102, the Louisiana Supreme Court wrote:
Interpretation of this statute begins, as it must, with the language of the statute itself. David v. Our Lady of the Lake Hosp., Inc., 02-2675, p. 11 (La.7/2/03), 849 So.2d 38, 46; Touchard v. Williams, 617 So.2d 885, 888 (La.1993). When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4. When the wording of a section of the revised statutes “is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.” La. R.S. 1:4. In interpreting the Workers’ Compensation Act, courts must be mindful of the basic history and policy of the compensation movement, which includes the provision of social insurance to compensate victims of industrial accidents. Brown v. Adair, 02-2028, p. 5 (La.4/9/03), 846 So.2d 687, 690; Roberts v. Sewerage & Water Bd. of New Orleans, 92-2048, p. 7 (La.3/21/94), 634 So.2d 341, 345.
l/The Louisiana Workers’ Compensation Act sets forth the method of calculating average weekly wage. La. R.S. 23:1021 provides, in pertinent part:
(13) “Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
[[Image here]]
(c) Annual wages. If the employee is employed at an annual salary, his annual salary divided by fifty-two.
There is no dispute that Augusta was paid an annual salary by Audubon at the time of the accident. All parties contend that calculation of Augusta’s average weekly wage is governed by La. R.S. 23:1021(13)(c), which is the subparagraph applicable to salaried employees. We find no error in the workers’ compensation judge’s finding that La. R.S. 23:1021(13)(c) applies to the calculation of Augusta’s average weekly wage. Thus, we now turn to the question of whether the lower court correctly applied the calculation set forth in La. R.S. 23:1021(13)(c).
On appeal, Augusta argues that his “annual salary,” as contemplated in La. R.S. 23:1021(13)(c), is not the $33,000.00 salary that he was paid at the time of his injury. Instead, he contends that the Louisiana legislature “thought it wise” to calculate average weekly wage of salaried employees using an average of the full fifty-two-week period leading up to a workplace accident. Augusta cites to no reported case interpreting the statute in this manner, and we have found none.
Audubon contends that La. R.S. 23:1021(13) requires that average weekly wage be based on an employee’s wages at the time of the accident, and that, for a salaried employee, average weekly wage is calculated by dividing the employee’s salary — as of the time of the accident — by fifty-two (52). Audubon argues that | ¡^adopting Augusta’s argument would subject every recently promoted employee to a “pitfall” should they suffer a workplace injury, because such average weekly wage would not be based on his current salary, but instead an average of his salary over the fifty-two (52) weeks preceding the accident. Audubon notes that no Louisiana court has addressed how to calculate a *619 salaried employee’s average weekly wage when an accident follows a recent promotion or demotion.
The Louisiana Workers’ Compensation Act does not define “annual salary.” Nevertheless, under a plain reading of La. R.S. 23:1021(13), average weekly wage is determined by the employee’s wages “at the time of the accident” — in Augusta’s case, his wages as of November 11, 2013. The wording of subparagraph C explicitly calls for the “annual salary” to be divided by fifty-two; this subparagraph does not reference an “average” salary, “annual income,” or “fifty-two weeks of earnings.”
When a law is clear and unambiguous, Louisiana courts are proscribed from conducting further interpretation made in search of the legislative intent. Trahan, 2004-0100 at pp. 6-7, 894 So.2d at 1102. We decline to disregard the letter of the law under the pretext of pursuing its spirit.[1]
|f,In the instant case, there is no dispute that, as of November 11, 2013, Augusta’s salary was $33,000.00 per year. Therefore, under a .plain reading of 23:1021(13)(c), we are constrained to calculate Augusta’s average weekly wage by dividing his annual salary of $33,000.00 by fifty-two (52). Accordingly, we find no error in the OWC’s finding that Audubon correctly calculated Augusta’s average weekly wage of $634.62, with a corresponding weekly indemnity rate of $423.08. For these reasons, we affirm the November 6, 2014 judgment dismissing Augusta’s disputed claim. .
AFFIRMED

. The Louisiana Workers' Compensation Act sets forth only one class of employees whose average weekly wage is calculated in the manner argued by Augusta: seasonal employees. Under La. R.S. 23:1021(13)(a)(v), the average weekly wage for an "employee in seasonal employment” is "his annual income divided by fifty-two.” "For purposes of this Subpara-graph, seasonal employment shall be any employment customarily operating only during regularly recurring periods of less than forty-four weeks annually.” La. R.S. 23:1021(a)(v)(aa). No party argues that Augusta is a seasonal employee, and the record lacks any evidence to support such a finding. This Court has also declined to apply the seasonal employee calculation to a worker who was paid an annual salary at the time of the accident. See Meier v. New Orleans Saints, 2008-1158, pp. 4-5 (La.App. 4 Cir. 3/12/09), 6 So.3d 944, 946.