508 So.2d 207 (1987)
Patricia Colbert CORMIER, Plaintiff-Appellant,
v.
LAFAYETTE PARISH SCHOOL BOARD, Defendant-Appellee.
No. 86-531.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1987.
*208 Alfred F. Boustany, Lafayette, for plaintiff-appellant.
L. Lane Roy, of Roy and Hattan, Lafayette, for defendant-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOUCET, Judge.
Plaintiff/Appellant, Patricia Colbert Cormier, filed suit seeking worker's compensation benefits from the Lafayette Parish School Board, her employer, for an injury she received on February 23, 1984, while in the course and scope of her employment. After repeated treatments, her injuries did not heal and she was forced to discontinue working for an extended period of time. Plaintiff applied for and was granted a sabbatical leave and remained on leave from August 27, 1984, until January 17, 1985. While on sabbatical leave, plaintiff received sabbatical pay at the rate of $1,335.83 per month as required by La.R.S. 17:1184. During this period of time, it was stipulated that no worker's compensation benefits were paid to plaintiff by defendant. After returning from her sabbatical leave, plaintiff requested from defendant past due weekly compensation benefits. Defendant refused plaintiff's demand.
A claim for compensation was filed with the Office of Worker's Compensation. The office recommended defendant to pay plaintiff weekly compensation during the period of plaintiff's disability. Defendant rejected *209 the recommendation and suit was thereafter instituted by plaintiff.
The trial of the case was submitted to the Honorable Byron Hebert pursuant to a written stipulation entered into between both parties. It was stipulated to the court that plaintiff was disabled during her leave and that the weekly compensation rate for plaintiff during her disability was $245.00 per week. Further, it was stipulated that the issues presented to the court were whether or not plaintiff is entitled to receive weekly benefits for the time she received payments from her sabbatical leave and whether or not plaintiff is entitled to recover penalties and attorney's fees for defendant's failure to pay these benefits.
The trial court took the case under advisement and on January 8, 1985, written reasons were filed in which the trial court ruled that plaintiff was clearly entitled to worker's compensation benefits. However, the trial court found that the compensation received by plaintiff constituted "supplemental earnings benefits" under the provision of La.R.S. 23:1221(3)(a). The court then reduced the weekly benefits awarded to plaintiff accordingly ($2,378.38 together with legal interest and costs). Additionally, the trial court denied defendant penalties and attorney's fees.
On appeal, plaintiff asserts two assignments of error. In the first assignment of error plaintiff contends that the trial court erred when it denied her full weekly compensation benefits in accordance with La. R.S. 23:1221(3)(a). We disagree.
In Attorney General's Opinion No. 79-1382, the question of how to deal with worker's compensation benefits when one has been receiving sabbatical leave payments was presented. In the opinion, the Attorney General's office stated:
"Louisiana Workmen's Compensation Law provides that compensation benefits will be paid on a monthly basis in the amount of sixty-six and two-thirds percent of the difference between the wages the employee was earning at the time of the injury and any lesser wages the employee actually earns. It is our opinion that compensation received by the employee on sabbatical leave must be considered wages earned during that sabbatical leave period and should be considered in determining the amount of compensation to be paid."
While we recognize that Attorney General opinions are only advisory, the above opinion sheds light on how to deal with situations such as the instant one. The answer to how worker's compensation benefits are to be coordinated with sabbatical leave pay can also be found by looking into the purpose behind the "supplemental earnings benefits" portion of the Louisiana Worker's Compensation Statute. As so eloquently stated by the defendant in its appellate brief:
"... The clear intent of the supplemental earnings benefits portion of the Louisiana Worker's Compensation Statute, 22:1221(3)(a) is to provide an injured employee who has the ability to earn certain wages a supplement in the form of compensation in the difference between those wages and what he would have earned had he been working. It is also clear that worker's compensation should not be a reward to a person by allowing him to get full worker's compensation benefits plus, in this case, sabbatical pay, the combination of which would be more than the full wages that this lady would earn during a period of full employment. The days of such overpayment of compensation went out with the new worker's compensation act. If in fact plaintiff were to get what she's asking for in this matter, that is worker's compensation benefits plus sabbatical pay, the combined total of those would be some $2,327.83 per month, approximately $300.00 more than this lady made in total wages during the time that she is fully and gainfully employed and not subject to any disability whatsoever. This would certainly be a discouragement for this lady to go back to work, and something which our law clearly does not condone."
We find that it would be illogical to allow plaintiff to receive anything more than supplemental earnings benefits for the time period that she was on her sabbatical *210 leave. An award of temporary total benefits in addition to plaintiff's sabbatical leave pay would constitute a windfall and go against the grain of the purpose of the supplemental earnings benefits section of the worker's compensation statute, to provide an injured employee who has the ability to earn certain wages a supplement in the form of compensation in the differences between these wages and what he would have earned had he been working.
We recognize the fact that had plaintiff applied for worker's compensation at the outset of her disability, she would also have been entitled to take her sabbatical leave after her disability ended and receive those benefits also. However, plaintiff chose to use her sabbatical leave in order to recuperate. No one forced plaintiff to take this course of action. While we feel for plaintiff, sympathy cannot be a factor in reaching our conclusion. Thus, we find that the trial court was correct when it only awarded plaintiff supplemental earnings benefits for the time period that she was receiving sabbatical benefits and the portion of the judgment which reflects same.
Plaintiff, in her second assignment of error contends that the trial court erred in failing to award penalties and attorney's fees. We disagree.
The assessment of penalties is proper under the 1983 revision of the worker's compensation laws when the insurer does not have a reasonable basis to believe that medical expenses and compensation are not due and fails to pay the first installments of compensation fourteen days after the employer knows of the injury and resulting loss of income. Theriot v. American Employees Insurance Co., 482 So.2d 648 (La. App. 3rd Cir.1986). The assessment of penalties will be made under the aforementioned circumstances unless the employer failed to pay the benefits because of circumstances beyond his control or because the right to benefits has been reasonably controverted. La.R.S. 23:1201(E).
In the instant situation, plaintiff, by her own choosing, took her sabbatical leave and defendant paid plaintiff the statutorily required amount. Defendant believed that it had already complied with its legal obligation by tendering plaintiff the sabbatical leave payments. The issue which is raised by this appeal is res nova. Other than the previously cited Attorney General's opinion, we know of no authority which directs an employer on the proper course of action to take. Defendant, in good faith, refused plaintiff the benefits. We will not penalize defendant under these circumstances and find that defendant had a reasonable basis to believe that compensation was not due to plaintiff. As such, we affirm the portion of the trial court judgment denying plaintiff penalties.
The assessment of attorney's fees are proper under the worker's compensation laws when an employer "arbitrarily" refuses to pay an employee his/her benefits due. After a careful review of the record and for the reasons stated above, we conclude that defendant's actions did not constitute arbitrary behavior, thus, we affirm the portion of the trial court judgment denying plaintiff attorney's fees.
Accordingly, for the foregoing reasons, we affirm the trial court judgment and order that the costs of appeal be shared equally by both parties.
AFFIRMED.