Judge Joy Cossich Lobrano
|Jn this workers’ compensation case, defendant/appellant, the Jefferson Parish *209 School Board (the “school board”); appeals the December 17, 2015[1] and March 22, 2016 judgments, of the Office of Workers’ Compensation (“OWC”), which denied the school board a credit for its payment of sabbatical leave benefits to plaintiff/appel-lee, Tamara Bay (“Bay”), and awarded penalties and attorney’s fees to Bay.
On August 1, 2012, Bay was injured in the course and scope of her employment with the school board as a teacher when she fell from a bookcase and struck her head on a desk. Following the work-related accident, the school board initiated temporary total disability (“TTD”) benefits at a weekly compensation rate of $594.22, based on an average weekly wage of $891.33.
While receiving TTD benefits, Bay also requested and received sick leave benefits from the school board. Sick leave benefits were paid on a prorated basis as provided by La. R.S. 17:1201 and 17:1202, such that, through the combination of |2TTD benefits and sick leave benefits, Bay was paid her full pre-injury salary until her sick leave was exhausted..
After no available sick leave remained, Bay sought to supplement her TTD benefits with sabbatical leave pay under La. R.S. 17:1170, et seq. Bay requested that she be placed on sabbatical leave for the fall 2013 semester, which was granted and became effective on August 7, 2013.[2] The school board stopped Bay’s TTD benefits when it initiated her sabbatical leave pay.
On August 16, 2013, the. school board issued a notice of payment, Form LDOL-WC-Í002 (“1002”), stating that workers’ compensation benefits were stopped on August 7, 2013, because Bay was paid her salary in lieu of compensation while- on employer-funded sabbatical leave.
On September 6, 2013, Bay filed ¿ disputed claim for compensation, Form LDÓL-WC-1008 (the “disputed claim” or “1008”), alleging that the school board had terminated or reduced her TTD benefits on August 6, 2013. In her disputed claim, Bay alleged that she was entitled to penalties and attorney’s fees.
The sehool board issued: a new 1002 on September 23, 2013, stating that it modified Bay’s TTD benefits based on her receipt of “employer funded disability benefits at the rate of $2,510.57-per month,” According to the 1002, the school board instituted TTD benefits in the amount of $14.86 per week retroactive to August 7, 2013. The weekly payments of $14.86 represented the difference between Bay’s weekly compensation rate and sabbatical leave pay.
IsOn October 16, 2013, Bay returned to work, at which time she resumed receiving her salary and was no longer eligible for TTD benefits.
This case proceeded to trial on February 13, 2014, where the primary issue before the OWC was whether the-school board was entitled to a credit or pffset which would reduce the amount of TT-D benefits due to Bay by the amount of sabbatical leave pay she received. No live witnesses were presented at trial, the parties filed joint stipulations, and the matter was submitted on briefs.
On December 17, 2015,[3] the OWC rendered judgment finding that Bay was enti- *210 tied to receive full TTD benefits in addition to her sabbatical leave pay for the period of August 8, 2013 through October 15, 2013 and that the school board was not entitled to a credit for its payment of sabbatical leave. The OWC ordered the school board to pay $5,314.40 in satisfaction of its underpayment of TTD benefits from August 8, 2013 through October 15, 2013, as well as $2,000.00 in penalties and $2,500.00 in attorney’s fees pursuant to La. R.S. 23:1201(F).
Thereafter, the school board filed a motion for new trial. On March 22, 2016, the OWC rendered judgment granting a new trial, in part, correcting the date of the signing of judgment from 2013 to 2015. The judgment on new trial also revised the trial judgment to include language clarifying that Bay “was entitled to receive full temporary total disability benefits while receiving Sabbatical Pay for the periods from August 8, 2013, through October 15, 2013”[4] and the school board |4“was not entitled to a credit or offset against Tamara Bay’s Temporary Total Disability benefits pursuant to Louisiana Revised Statute 23:1225 [5] or Louisiana Revised Statute 23:1206[6].” The OWC denied the new trial, in part, “as to all other parts of the judgment which are not expressly covered by the first paragraph of this judgment or by the Consent Judgment reached and recited on the record in open court regarding judicial interest.”
This appeal followed. On appeal, the school board argues that the OWC erred by (1) finding that the school board was not entitled to a credit or offset against TTD benefits and by determining that sabbatical leave is an “earned employee benefit”; (2) providing Bay with a double recovery constituting a prohibited donation of public funds in violation of Article 7 Section 14 of the | ^Louisiana Constitution; and (3) assessing penalties and attorney’s fees against the school board.
In workers’ compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the manifest error-clearly wrong standard. Dean v. Southmark Constr., 2003-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117. When legal error interdicts the fact-finding process in a workers’ compensation proceeding, the de novo, rather than the manifest error, standard of review applies. MacFarlane v. *211 Schneider Nat'l Bulk Carriers, Inc., 2007-1386, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 185, 188. Likewise, interpretation of statutes pertaining to workers’ compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct. Id.
In Trahan v. Coca Cola Bottling Co. United, 2004-0100, pp. 6-7 (La. 3/2/05), 894 So.2d 1096, 1102, the Louisiana Supreme Court wrote:
Interpretation of this statute begins, as it must, with the language of the statute itself. David v. Our Lady of the Lake Hosp., Inc., 02-2675, p. 11 (La. 7/2/03), 849 So.2d 38, 46; Touchard v. Williams, 617 So.2d 885, 888 (La. 1993). When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4. When the wording of a section of the revised statutes “is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.” La. R.S. 1:4. In interpreting the Workers’ Compensation Act, courts must be mindful of the basic history and policy of the compensation movement, which includes the provision of social insurance to compensate victims of industrial accidents. Brown v. Adair, 02-2028, p. 5 (La. 4/9/03), 846 So.2d 687, 690; Roberts v. Sewerage & Water Bd. of New Orleans, 92-2048 (La. 3/21/94), 634 So.2d 341, 345.
1 fiThe main issue before this Court is whether an employer’s obligation for TTD benefits is reduced by the amount of sabbatical leave benefits that it pays to an injured worker. It is undisputed that, under the facts of this case, the combination of TTD benefits and sabbatical leave pay, if no credit or offset is applied, would result in Bay being paid more than one hundred percent (100%) of her pre-injury wages during the limited time period in dispute, August 8, 2013 through October 15, 2013.
TTD benefits are provided under Title 23 of the Louisiana Revised Statutes, the Louisiana Workers’ Compensation Act. Under La. R.S. 23:1221(l)(a), an injured worker entitled to TTD benefits is paid compensation benefits in the amount of “sixty-six and two-thirds percent of wages during the period of [temporary total] disability.” Sabbatical leave benefits are set forth in Title 17 of the Louisiana Revised Statutes, specifically, La. R.S. 17:1170, et seq. An eligible public school teacher, who is granted sabbatical leave for either professional development or medical leave, whether for one or two semesters, is paid “compensation at the rate of sixty-five percent of the [teacher’s] salary at the time the leave begins.” La. R.S. 17:1171; La. R.S. 17:1184. The Louisiana Workers’ Compensation Act does not address sabbatical leave, and La. R.S. 17:1170, et seq. does not address workers’ compensation. None of these statutes provides for a cap on benefits where both workers’ compensation and sabbatical leave benefits are paid to an injured worker.
17This Court has not previously addressed whether an employer is entitled to the particular credit or offset sought by the school board. Only two reported Louisiana cases have addressed the potential for coordination of benefits for an injured worker who may qualify for both workers’ compensation and sabbatical leave.
In Cormier v. Lafayette Parish Sch. Bd., 508 So.2d 207 (La. App. 3d Cir. 1987), the Third Circuit Court of Appeal, relying on an Attorney General’s advisory *212 opinion[7] as persuasive, limited a teacher to supplemental earnings benefits (“SEBs”)[8] and reduced SEBs by the amount of sab-batic,al leave benefits.[9] The teacher first utilized her sabbatical leave benefits then made a demand for past-due workers’ compensation benefits after returning from sabbatical. Id. at 208. |«The court found that to award the full amount of both TTD benefits and sabbatical leave pay would result in, a windfall to the teacher. Id. at 210.
In contrast, in Hollingsworth v. E. Baton Rouge Parish Sch. Bd., 94-0518 (La. App. 1 Cir. 12/15/95), 666 So.2d 376, the First Circuit Court of Appeal awarded the full amount of TTD benefits to an injured teacher who was instructed by her school board employer to apply for sabbatical leave and was not informed that she was entitled to workers’ compensation benefits. The OWC did not award the teacher’s employer any credit in the amount of sabbatical leave pay the teacher received. Id., 94-0518 at p. 12, 666 So.2d at 382. In reaching its holding, the court noted that it was without authority to restore the sabbatical leave pay to the teacher and had only the jurisdiction to award workers’ compensation benefits. Id.
Here, the school board argues that it is entitled to a dollar-for-dollar credit because it made a “voluntary payment” of “unearned” sabbatical leave pay thereby implicating La. R.S. 23:1206, which provides that “[a]ny voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.” The school board further contends that a dollar-for-dollar credit is consistent with the limits to school board funded sick leave under La. R.S. 17:1201(D)(1), which provides a cap on benefits payable to public school teachers receiving both workers’ compensation and sick leave such that “in no event shall such benefits exceed the total amount of the regular salary the member of the | Reaching' staff was receiving at the time the injury or disability occurred.” According to the school board’s argument, the “legislature recognizes the *213 potential ‘windfall’ seemingly available to such a teacher” and is “mindful of the prohibition from the ' donation of public funds as found in the Louisiana Constitution, Art. VII, Section 14 (A).. .”[10]
We find no support for the school board’s argument in the statutes of this State. While the Louisiana legislature saw fit to place a cap on sick leave payable under La. R.S. 17:1201, no statute exists limiting the combination of both TTD benefits and sabbatical leave pay where an otherwise eligible public school teacher qualifies for both. We decline to create such a law where this State’s legislature has not. See White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084 (“Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed.”). See also J. Reed Constructors, Inc. v. Roofing Supply Grp., L.L.C., 2012-2136, p. 6 (La.App. 1 Cir. 11/1/13), 135 So.3d 752, 756 (citing Carter v. Duke, 2005-0390, p. 10 (La. 1/19/06), 921 So.2d 963, 970) (“It is not the function of the judicial branch to legislate by inserting provisions into statutes where the legislature has chosen not to do so.”). “[I]t is for the legislative branch to remedy the deficiencies in the statutory scheme, if it should so desire.” Foti v. Holliday, 2009-0093, p. 13 (La. 10/30/09), 27 So.3d 813, 821.
I mWhile we acknowledge that La. R.S. 17:1176 does provide some measure of discretion to the school board in granting sabbatical leave to eligible teachers,[11] sabbatical leave benefits are paid pursuant to statute, and we do not read La. R.S. 17:1176 or La. R.S.- 23:1206 so broadly as to construe sabbatical leave benefits as “voluntary” payments or “unearned wages.”.Further, we have located no jurisprudence that would allow us to find Bay’s receipt of both TTD benefits and sabbatical leave pay a prohibited donation of public funds. We are not persuaded by the school board’s arguments, and we find no error in the OWC’s decision to award no credit to the school board for its payment of sabbatical leave benefits to Bay.
The school board also argues that the OWC erred in assessing penalties and attorney’s fees 'for the school board’s failure to pay indemnity benefits during the disputed period, having found that the school board failed to establish that it reasonably controverted the claim or that there were conditions over which it had no control when it failed to pay. The decision to impose penalties and fees is essentially a factual issue subject to the manifest error-clearly wrong standard' of review. Authement v. Shappert Engineering, 2002-1631, p. 12 (La. 2/25/03), 840 So.2d 1181, 1188-89. Awards of penalties and attorney’s fees in compensation cases are essentially penal, and are intended to deter indifference and undesirable |n conduct by employers and their insurers toward in *214 jured workers. Trahan, 2004-0100 at p. 17, 894 So.2d at 1108. Penalties should not be imposed in doubtful cases, where a bona fide dispute exists as to • the claimant’s entitlement to benefits. J.E. Merit Constructors Inc. v. Hickman, 2000-0943, p. 5 . (La. 1/17/01), 776 So.2d 435, 438.
Here, the OWC awarded Bay penalties and attorney’s fees pursuant to La. R.S. 23:1201(F), which provides in pertinent part:
P. Except as otherwise provided in this Chapter, failure to provide payment in accordance with this Section ... shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar, day for each day in which any and all compensation. or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
The school board argues that it should benefit from the dearth of case law on the disputed credit, and that its interpretation of the Third Circuit’s decision in Cormier, supra, should ' amount to “reasonable controversion” of the claim. However, the school board’s argument is undermined by its termination of TTD benefits upon initiating sabbatical leave, even though sabbatical leave pay was less than TTD benefits. We cannot construe the school board’s termination of TTD benefits during this period as a reasonable interpretation of Cormier. As 11?discussed herein, TTD benefits are paid at 66 2/3% of wages, while sabbatical leave benefits are paid at 65% of the teacher’s salary. See La. R.S. 23:1221(l)(a); La. R.S,. 17:1184. The record reveals that the school board stopped TTD benefits on August 8, 2013 and later retroactively reinstated TTD benefits on September 23, 2013, at a reduced amount subject to the credit claimed by the school board. For forty-six (46) days, the school board did not pay TTD benefits to Bay. Here, applying the $50.00 daily penalty provided by La. R.S. 23:1201(F), the $2,000.00 cap is exceeded. We also find nothing in the record to indicate that the $2,500.00 attorney’s fee is unreasonable where the case ultimately proceeded to trial on the briefs. The record in this case supports the OWC’s finding that the school board failed to establish that it reasonably controverted this claim or that there were conditions over which it had no control when it failed to pay this claim. Under the specific facts before us, we cannot conclude that the OWC’s award of penalties and attorney’s fees was manifestly erroneous.
For these reasons, we affirm the December 17, 2015 judgment, as amended by the March 22, 2016 judgment, and we affirm the March 22, 2016 judgment of the Office of Workers’ Compensation.
AFFIRMED

. The judgment bears the year 2013, but the date of judgment was corrected to December 17, 2015 in the March 22, 2016 judgment.

. Throughout the record and in the joint stipulations submitted by the parties at trial, the start date of Bay’s sabbatical leave is identified variously as both August 7, 2013 and August 8, 2013. • r

.See footnote 1.

. This clarifying language was intended by the OWC to explain that it was not awarding sabbatical leave pay to Bay; rather, the OWC was declining to reduce TTD benefits as a consequence of Bay’s receipt of sabbatical leave pay.

. La. R.S. 23:1225 provides, in relevant part: C. (1) If an employee receives remuneration from:
(a) Benefits under the Louisiana Workers’ Compensation Law,
(b) Repealed by Acts 2003, No. 616, § 1.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other workers’ compensation benefits,
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from Sub-paragraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
All parties appear to agree that La. R.S. 23:1225 does not apply to this litigation, and the statute is not raised as an issue on appeal. Therefore, we do not discuss the statute's applicability in this opinion.

.La. R.S. 23:1206 provides: "Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when, made, may be deducted from the payments to be made as compensation.”

."In Attorney General's Opinion No.. 79-1382, the question of how to deal with worker's compensation benefits when one has been receiving sabbatical leave payments was presented. In the opinion, the Attorney General’s office stated:
‘Louisiana Workmen’s Compensation Law provides that compensation benefits will be paid on a monthly basis in the amount of sixty-six and two-thirds percent of the difference between the wages the employee was earning at the time of. the injury and any lesser wages the employee actually earns. It is our opinion that compensation received by the employee on sabbatical leave must be considered wages earned during that sabbatical leave period and should be considered in determining the amount of compensation to be paid.’ ”
Cormier, 508 So.2d at 209 (quoting 1978-79 La. Op. Atty. Gen. 151 (1980), La. Atty. Gen. Op. No. 79-1382).

. "For injury resulting in the employee’s inability to earn wages equal to ninety percent or ' more of wages at time of injury, supplemental earnings benefits, payable monthly, equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment...” La. R.S. 23:1221(3)(a)(l).

. "An opinion of the Attorney General is merely advisory and, while perhaps persuasive authority, is not binding law or jurisprudence.” Concrete Busters of Louisiana, Inc. v. Bd. of Comm’rs of the Port of New Orleans, 2010-1172, p. 6 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 487-88 (citations omitted).

. Article VII, Section 14(A) of the Louisiana Constitution states in pertinent part that, "[e]xcept as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.”

. “Any applicant who, at the expiration of the semester in which he applies, is ineligible for the sabbatical leave requested or who has not complied with the provisions of R.S. 17:1172 through 1174, shall have his or her application rejected, but all other applicants may have their applications granted, provided that all leaves requested in such applications could be taken without violating the following provision: At no time during the school year shall the number of persons on sabbatical leave exceed five percent of the total number of teachers employed in a given school system.” La. R.S. 17:1176(A)(emphasis a.dded).